# ATTORNEY GRIEVANCE COMMISSION OF MARYLAND *v.* ALICE B. STRATHEN ET AL.

[No. 46, September Term, 1979.]

*Decided February 13, 1980.*

The cause was argued before MURPHY, C. J., and SMITH, DIGGES, ELDRIDGE, ▮RTH, COLE and DAVIDSON, JJ.

*L. Hollingsworth Pittman, Bar Counsel,* with whom was *James A. Frost, Assistant Bar Counsel,* on the brief, for appellant.

*John T. Brooks,* with whom were *Paul A. Gibbons* and *Fine & Klauber* on the brief, for Gerald N. Klauber, Paul A. Gibbons and Fine & Klauber, P.A., part of appellees. No brief filed on behalf of other appellee.

MURPHY, C. J., delivered the opinion of the Court.

This case draws into question the "confidentiality" provisions of Subtitle BV of the Maryland Rules of Practice and Procedure (Discipline and Inactive Status of Attorneys). More particularly, we are required to determine whether Rule BV8 prohibits a judicial tribunal from ordering that testimony taken at an attorney disciplinary hearing before a lawyer Inquiry Panel be produced for use at the trial of a civil malpractice action subsequently filed by the complainant against the attorney in the attorney disciplinary proceeding.

The BV Rules, initially adopted by the Court in 1965, were completely revised in 1975 as a result of a study conducted by a special committee of the Maryland State Bar Association. Rule BV2 now provides for the creation of the Attorney Grievance Commission of Maryland (the Commission), whose members are appointed by the Court. The Commission is vested with authority to "supervise and administer the discipline and inactive status of attorneys in accordance with this subtitle." The Commission appoints attorneys to serve as members of an Inquiry Committee and upon a Review Board (Rule BV3). It also appoints Bar Counsel who functions as "the principal executive officer of the disciplinary system" (Rule BV4). Under Rule BV6, every complaint that an attorney has committed an act of misconduct or that he is

incompetent is required to be filed with and investigated by Bar Counsel, who may subsequently refer the complaint to an Inquiry Panel for a hearing. The review procedure is contained in Rule BV7, provision there being made authorizing the Review Board to approve, reject or modify Inquiry Panel recommendations, remand for further proceedings, dismiss the complaint, or reprimand the attorney. Rule BV9 provides that disciplinary charges against an attorney shall be filed in the Court of Appeals at the direction of the Review Board and on behalf of the Commission.

Rule BV8, entitled "Confidentiality," provides in part:

"a. *General Rule.*

There may be no public proceedings by the Inquiry Committee or the Review Board. Unless otherwise ordered by the [Attorney Grievance] Commission, the record of any complaint, investigation, proceeding of the Inquiry Committee or the Review Board and of any reprimand shall be private and confidential, unless and until charges arising out of the proceeding shall be filed in the Court of Appeals, except as provided in this Rule.

b. *Exceptions.*

The following exceptions to privacy and confidentiality are hereby established:

\* \* \*

(3) A judicial tribunal may request and receive any information that is relevant to the business of the tribunal." [1]

---

1. The other exceptions to privacy and confidentiality set forth in subsection b of Rule BV8 are as follows:

"(1) With the approval of the Chairman or in his absence the Vice-Chairman of the Commission the Bar Counsel may provide information involving criminal activity to law enforcement and prosecuting officials.

(2) The notification to a complainant by the Bar Counsel of the disposition of the complaint of that complainant is not private and confidential.

## (1)

The facts relevant to a determination of the issue before us disclose that Alice Strathen filed a complaint with Bar Counsel against attorney Gerald Klauber, claiming that he incompetently represented her in a legal matter. A hearing was held on the complaint before an Inquiry Panel, pursuant to Rule BV6, at which time Mrs. Strathen testified. The matter was subsequently considered by the Review Board, which issued a reprimand under Rule BV7.

Mrs. Strathen thereafter filed a civil suit in the Circuit Court for Howard County, asserting a claim of legal malpractice against Klauber and another member of the firm of Fine & Klauber, P.A. Klauber filed a motion for the production by the Attorney Grievance Commission of the transcript of testimony taken before the Inquiry Panel. The motion alleged that Mrs. Strathen's testimony before the Inquiry Panel "is relevant to the pending civil malpractice case and for proper discovery and preparation for said proceeding." Mrs. Strathen opposed Klauber's motion on the ground that production of the transcript "should never be allowed to become a vehicle for discovery in an action for malpractice against an attorney, or in any other type of

---

(3) . . .

(4) If an attorney is seeking admission to the practice of law before the bar of any judicial tribunal, or is under consideration for judicial office or for employment in legal work by federal, state or local government, a judicial tribunal, the appropriate committee of a Bar Association, the National Conference of Bar Examiners, a judicial nominating commission acting through its chairman or the appointing or hiring authority acting through its duly appointed representatives may receive information concerning reprimands and charges not having resulted in dismissal.

(5) The fact that a complaint is pending may be revealed to a person authorized under subsection (4). However, the nature of the pending complaint, the facts surrounding it, and the results of any investigation completed to the date of the inquiry, may be revealed only pursuant to a waiver by the attorney involved.

(6) The Bar Counsel may from time to time prepare and publish summaries of complaints without revealing identities of complainants, attorneys or witnesses where in his judgment the publication would tend to improve the administration of justice.

(7) If an attorney is accused of misconduct, the Commission may issue a short written statement of clarification, correction, or exoneration, or it may announce that a reprimand has been administered, if the attorney requests that the statement be issued."

action." She said that to permit production would violate the confidentiality provisions of Rule BV8, no basis being shown "for violating the strong public policy set forth in the Maryland Rule that the records of the Commission shall be private and confidential."

The Commission was permitted to intervene in the proceedings for the limited purpose of opposing Klauber's motion. It contended that the circuit court had no jurisdiction over the Commission or the attorney disciplinary system because they were creatures of the Court of Appeals of Maryland and subject only to its control and direction. As a consequence, the Commission claimed that the circuit court had no authority to order it to produce the Inquiry Panel transcript. The Commission maintained that to permit the production of confidential Inquiry Panel transcripts would cause the disciplinary system to become a "discovery vehicle" and might encourage the filing of unfounded complaints for discovery purposes alone. The Commission argued that to grant Klauber's motion to produce "would be disastrous to the Disciplinary System and could strip it of the protection that it affords the complainant, as well as the respondent, and might, eventually, strip those filing honest but unfounded complaints of their immunity from libel, slander and defamation suits by wronged attorneys."

Noting the exception to the general rule of privacy and confidentiality of Inquiry Panel proceedings contained in Rule BV8 b 3, the court (Fischer, J.) held that the Circuit Court for Howard County qualified as a "judicial tribunal" under the rule authorized to "request and receive [from the Commission] any information that is relevant to the business of the tribunal." The court said that the issue in the civil malpractice suit was similar to that involved before the Inquiry Panel. Since both matters concerned Klauber's representation of Mrs. Strathen, the court said that Mrs. Strathen's testimony in the disciplinary proceeding "should be useful and possibly essential in cross examining her testimony in the present proceeding." The court held that Mrs. Strathen's testimony before the Inquiry Panel was

relevant to the business of the court within the contemplation of Rule BV8 b 3.

The court found no merit in the Commission's suggestion that Mrs. Strathen's testimony before the Inquiry Panel should be kept secret for reasons identical to those which insulate grand jury transcripts from public disclosure. It said that grand jury secrecy is required not for the protection of a person ultimately indicted, but rather for the protection of the grand jury itself, the witnesses before the grand jury, and persons who come under suspicion but are ultimately not indicted. The court applied these principles and said that to keep Mrs. Strathen's testimony secret would not protect the Inquiry Panel, Mrs. Strathen or Klauber. The court stated that Mrs. Strathen's testimony was within the exception to the general grand jury secrecy rule and that her testimony should be disclosed for the purpose of impeachment and cross-examination. The court concluded:

> "[T]he principle is that grand jury secrecy and attorney grievance committee secrecy are not absolute, and may be breached under compelling circumstances when the need for the breach is demonstrated with particularity. The Court is thus given the delicate task of balancing the policy which requires secrecy for the proceedings of the Attorney Grievance Committee with the policy which requires that there be full disclosure of all available evidence in order that the ends of justice may be served."

Finding that Klauber demonstrated a need for Mrs. Strathen's testimony to "effectively impeach or cross-examine Mrs. Strathen," the court said:

> "Without this prior testimony the defendants would be substantially hampered in their defense and the Court would be ruling upon the matter without all the available evidence."

The court directed that the Commission produce Mrs. Strathen's testimony before the Inquiry Panel. At Mrs. Strathen's request, the court directed the Commission to

produce Klauber's Inquiry Panel testimony, as well as the testimony of the other lawyer member of Klauber's firm sued by Mrs. Strathen. This appeal followed.

## (2)

Attorney disciplinary proceedings before an Inquiry Panel upon a complaint that an attorney has committed an act of misconduct are similar in purpose to the accusatory proceedings conducted by a grand jury. *See Attorney Griev. Comm'n v. McBurney,* 282 Md. 116, 383 A.2d 58 (1978). It is true, of course, that in a proper case an accused may, at trial, be afforded access to grand jury minutes for purposes of cross-examination or impeachment if he demonstrates a "particularized need" for disclosure. *See Douglas Oil Co. v. Petrol Stops Northwest,* 441 U.S. 211, 99 S. Ct. 1667, 60 L. Ed. 2d 156 (1979); *Dennis v. United States,* 384 U.S. 855, 86 S. Ct. 1840, 16 L. Ed. 2d 973 (1966); *Silbert v. State,* 12 Md. App. 516, 280 A.2d 55 (1971). The question before us, however, is not whether it is in the interest of justice that testimony before an Inquiry Panel be made public for reasons similar to those justifying disclosure of grand jury minutes. Rather, the issue is whether, in the circumstances of this case, Rule BV8 mandates the confidentiality of such testimony. By its express terms, the rule inhibits disclosure of the record of Inquiry Panel proceedings until and unless charges are filed in this Court, unless "otherwise ordered" by the Commission in the exercise of its discretion. Since charges were never filed with the Court, and since the Commission did not authorize disclosure, one of the limited exceptions to confidentiality contained in subsection b of the rule must be applicable before the circuit court could properly order that the Inquiry Panel testimony be produced. We think the limited exception of Rule BV8 b 3 authorizing a "judicial tribunal" to "request and receive any information that is relevant to the business of the tribunal" is applicable in this case and was properly invoked by the lower court.

The "judicial tribunal" exception to confidentiality first appeared in the original version of the BV Rules adopted by

the Court in 1965, authorizing investigation by bar association committees of complaints filed against attorneys. Rule BV2 e then provided that a record of any attorney disciplinary proceedings would be confidential, until charges arising out of the proceeding were filed in court.[2] Subsection d provided that where a bar association issued a reprimand, a permanent record thereof would be kept which would be confidential "except that on request of (i) a judicial tribunal where the information is relevant to the business of such tribunal," disclosure could be made to the judicial tribunal. A judicial tribunal was broadly defined in the rule to encompass courts of general trial and appellate jurisdiction in Maryland and throughout the country, as well as the federal courts.

Rule BV2 was extensively amended, effective July 1, 1973, to provide that the record of any disciplinary proceedings of a bar association committee, and of any reprimand, shall be private and confidential, "unless and until charges arising out of the proceeding shall be filed in court, except as otherwise ordered by the Court of Appeals and except as hereinafter provided." Six limited exceptions to confidentiality were thereafter set forth, one of which was that a judicial tribunal "may request and receive such information where it is relevant to the business of such tribunal."

In its 1974 report, the special committee of the Maryland State Bar Association recommended a complete revision of the BV Rules. The only exceptions to confidentiality of attorney disciplinary proceedings contained in the committee's recommendation were set forth in its proposed Rule BV8, *i.e.,* that "Except as provided by [Attorney Grievance] Commission Rule, the record of any complaint, investigation, proceeding of the Inquiry Committee or the Review Board and of any reprimand shall be private and confidential, unless and until charges arising out of the proceeding shall be filed in the Court of Appeals." As ultimately adopted by the Court of 1975, however, provision was made for limited exceptions now contained in Rule BV8 b, which included in subsection b 3 the exception authorizing

---

2. The term "court" in the 1965 rules meant "the circuit court for a county, and the Supreme Bench of Baltimore City." Rule BV1 e.

disclosure to a judicial tribunal if "relevant to the business of the tribunal." A "judicial tribunal" was defined in Rule BV1 i to mean:

> "a court, the District Court of Maryland, the Court of Appeals, the Court of Special Appeals, any United States Court and a court of another state having general or appellate jurisdiction."

That the circuit court is encompassed within the meaning of a "judicial tribunal" is manifest from the definitional provisions contained in Maryland Rule 5 i.

The proper exercise of a court's adjudicatory responsibilities is the essence of its "business" and where information contained in the record of an Inquiry Panel proceeding is relevant to that function, we think the court is authorized to order disclosure, for cross-examination and impeachment purposes, under the limited exception contained in Rule BV8 b 3. In this regard, a finding of relevance does not require a determination, as made by the trial judge in this case, that the need for the testimony outweighed the public interest in keeping attorney disciplinary proceedings private and confidential. In other words, the more stringent "particularized need" test applied in the grand jury cases is not the measure of relevance under Rule BV8 b 3. In directing limited disclosure of relevant testimony adduced at the Inquiry Panel hearing, the trial court was simply exercising authority expressly vested in it under rules adopted by this Court.

We think the Commission exaggerates the consequences of this interpretation of the "judicial tribunal" exception to confidentiality, particularly so in this case. The confidentiality provisions of the rule are primarily aimed at the protection of an accused attorney, against whom no charges have been filed, rather than to benefit the complainant or to protect the integrity of the Inquiry Panel proceeding itself. *See, e.g., Sadler v. Oregon State Bar,* 275 Or. 279, 550 P.2d 1218 (1976). It is the accused attorney here who seeks public disclosure of the complainant's testimony and in these circumstances the Commission's concern with preventing release of the information or in maintaining the secrecy of the Inquiry Panel

proceeding is difficult to understand. Indeed, it is likely that the original complaint against Klauber was made with the expectation that it would ultimately be made public, since the objective of the complainant is usually to secure the placement of disciplinary charges against the accused attorney.

Limitations upon the public disclosure of attorney disciplinary records and proceedings are generally controlled by rules and statutes in force in most jurisdictions; they contain a variety of exceptions to confidentiality similar to those found in Rule BV8. *See generally* Annot., *Restricting Access to Records of Disciplinary Proceedings Against Attorneys,* 83 A.L.R.3d 749 (1978); Annot., *Discovery or Inspection of State Bar Records of Complaints Against or Investigations of Attorneys,* 83 A.L.R.3d 777 (1978); *American Bar Association Standards for Lawyer Discipline and Disability Proceedings,* adopted February 13, 1979, Standards 3.12-3.16. As the judicial tribunal exception was properly invoked in this case, we shall sustain the lower court's action.

*Order affirmed with costs.*