## ATTORNEY GRIEVANCE COMMISSION OF MARYLAND ET AL. *v.* THE A. S. ABELL COMPANY

[No. 28, September Term, 1982.]

*Decided December 1, 1982.*

---

**4.** In view of our decision, we need not consider the petitioner's remaining contentions.

The cause was argued before MURPHY, C. J., and SMITH, COLE, DAVIDSON, RODOWSKY and COUCH, JJ., and JAMES C. MORTON, JR., Associate Judge of the Court of Special Appeals, specially assigned.

*Ronald H. Jarashow,* with whom were *William A. Franch* and *Goldsborough, Franch & Collett, P.A.* on the brief, for appellants.

*Douglas D. Connah, Jr.,* with whom were *M. Lucinda Motsko* and *Venable, Baetjer & Howard* on the brief, for appellee.

*Amicus curiae* brief of Maryland State Bar Association, Inc. filed. *George D. Solter, Alfred L. Scanlan, Jr.,* and *Whiteford, Taylor, Preston, Trimble & Johnston* on the brief.

MURPHY, C. J., delivered the opinion of the Court.

The primary issue in this case is whether records of the Maryland Attorney Grievance Commission (the Commission), consisting of notifications to complainants regarding the disposition of formal complaints filed against attorneys, are subject to public disclosure under the Maryland Public Information Act (the Act), Maryland Code (1957, 1980 Repl. Vol.) Article 76A, §§ 1-5.

Enacted by ch. 698 of the Acts of 1970, the Act establishes the right of any person to inspect "public records" which, as defined in § 1 (b), broadly encompass written documents

> "made by any branch of the State government, including the legislative, judicial, and executive branches, by any branch of a political subdivision, and by any agency or instrumentality of the State

or a political subdivision, or received by them in connection with the transaction of public business."

Section 2 (a) of the Act provides that all "public records shall be open for inspection by any person at reasonable times, except as provided in this article or as otherwise provided by law." Accordingly, under § 3 (a), the custodian of the records must permit inspection, unless the records are exempt on a ground set forth in § 3. Records are exempt from disclosure under § 3 (a) (iii) if

"inspection is prohibited by rules promulgated by the Court of Appeals, or by the order of any court of record."

Under § 5 (b) (1), a person denied access to public records may file a complaint in the circuit court "in the jurisdiction in which the complainant resides, or has his principal place of business, or in which the records are situated," and jurisdiction is conferred on the court to order an injunction and the production of records "improperly withheld." Finally, under § 5 (b) (6), the court may assess litigation costs and reasonable attorney fees against the "defendant governmental entity" in cases in which it is determined that the plaintiff has "substantially prevailed."

# I

The plaintiff in this case is the A. S. Abell Company (Abell), a Maryland corporation engaged in the business of disseminating news through, among other vehicles, the Baltimore Evening Sun. Abell's principal place of business is Baltimore City. By letter dated May 2, 1980 to William Beckett, then Chairman of the Commission, Abell requested "access to or copies of all notices of disposition sent to complainants between January 1, 1977, and the date of receipt of th[e] letter." Beckett denied this request on the ground that Commission records are confidential unless and until charges against an attorney are filed in this Court. Beckett's position was premised on the provisions of Maryland Rule BV8 which, insofar as pertinent, provide:

"a. *General Rule.*

There may be no public proceedings by the Inquiry Committee or the Review Board. Unless otherwise ordered by the [Attorney Grievance] Commission, the record of any complaint, investigation, proceeding of the Inquiry Committee or the Review Board and of any reprimand shall be private and confidential, unless and until charges arising out of the proceeding shall be filed in the Court of Appeals, except as provided in this Rule.

"b. *Exceptions.*

The following exceptions to privacy and confidentiality are hereby established:

(1) . . .

(2) The notification to a complainant by the Bar Counsel of the disposition of the complaint of that complainant is not private and confidential."

In view of this rule, Beckett maintained that § 3 (a) (iii) of the Act expressly exempted the Commission's records from public disclosure.

Abell filed a Bill of Complaint in the Circuit Court of Baltimore City against the Commission and Beckett, as official custodian of the records, seeking (a) an injunction and an order for production of the records under § 5 (b) (1) of the Act, and (b) an award of attorney fees and costs under § 5 (b) (6). Motions raising preliminary objection were filed by the defendants on the ground that the court lacked personal jurisdiction over Beckett because his principal place of business was located in Prince George's County, Maryland. It was further averred that venue was improper because the Commission maintains its only office in Anne Arundel County, Maryland and Beckett's principal place of business is Prince George's County. The Court denied the motions and, upon concluding that they had been made without "substantial justification," ordered the Commission and Beckett to pay Abell's attorney fees and other costs

incurred in opposing the motions, pursuant to Maryland Rule 604 b.[1]

Cross-motions for summary judgment were thereafter filed. In support of its motion, Abell argued that inspection is not prohibited because Rule BV8 b 2

"expressly define[s] the particular documents requested as 'not private and confidential,' because the history of the rule supports this express definition, and because disclosure is consistent with sound and reasonable public policy."

Among the Commission's arguments in support of its motion were allegations that disclosure is contrary to this Court's intent in promulgating Rule BV8, would obviate the rule's purpose of preventing adverse publicity which could result from the disclosure of unwarranted complaints against attorneys, and would lead to the nonconfidentiality of Commission records of complaints, investigations, proceedings and reprimands. The Commission did not claim that the records in question were not "public records," or that the Commission was not an instrumentality of the State, within the contemplation of § 1 (b) of the Act.

The trial court granted summary judgment in favor of Abell, reasoning that

"since there is no indication from [Rule BV8 b 2] that the language is being used in any special sense, or that the language is ambiguous or obscure, . . . the rule must be interpreted to say what it in fact says — that notices to complainants of dispositions of their complaints are not private and confidential."

---

1. Rule 604 b provides:

"In an action or part of an action, if the court finds that any proceeding was had (1) in bad faith, (2) without substantial justification, or (3) for purposes of delay the court shall require the moving party to pay to the adverse party the amount of the costs thereof and the reasonable expenses incurred by the adverse party in opposing such proceeding, including reasonable attorneys' fees."

Attorney fees were also awarded Abell under § 5 (b) (6) of the Act. The Commission and Beckett appealed. We granted certiorari prior to decision by the Court of Special Appeals to consider the significant issue of public importance raised in the case.

## II

Subtitle BV of the Maryland Rules regulates the attorney disciplinary system in Maryland. Rule BV2 provides for the creation of the Attorney Grievance Commission, whose purpose it is to "supervise and administer the discipline and inactive status of attorneys." Various other BV Rules set forth the Commission's structure, procedures, duties and powers. Bar Counsel is "the principal executive officer of the disciplinary system" and is required, under Rule BV4 b i, to "[i]nvestigate all matters involving possible misconduct called to his attention whether by complaint or otherwise." If a complaint is not dismissed by Bar Counsel, a hearing must be held (with some exceptions) before an Inquiry Panel, which may recommend that the complaint be dismissed, the attorney be reprimanded, or that charges be filed against the attorney. The Panel's recommendation is reviewed by the Review Board, which may approve, reject or modify the recommendation, may remand for futher proceedings, or may dismiss the complaint. If the Review Board so directs, Bar Counsel is required to file charges against an attorney in this Court.

As earlier indicated, Rule BV8 governs the confidentiality of Commission proceedings and records. Under subsection a, proceedings are private and confidential, as are records of complaints, investigations, proceedings and reprimands except as ordered by the Commission, unless and until charges are filed in this Court. Subsection b provides for seven exceptions to the rule of privacy and confidentiality, which permit the release of otherwise confidential information in certain circumstances. For example, Rule BV8 b 6 allows Bar Counsel of the Commission to "prepare and publish summaries of complaints without revealing

identities of complainants, attorneys, or witnesses." Rule BV8 b 7 permits the Commission to "issue a short written statement of clarification, correction, or exoneration, or it may announce that a reprimand has been administered," if an attorney accused of misconduct requests that a statement be issued. Rule BV8 b 4 provides for the release of information "concerning reprimands and charges not having resulted in dismissal" to the appropriate authorities

> "[i]f an attorney is seeking admission to the practice of law before the bar of any judicial tribunal, or is under consideration for judicial office or for employment in legal work by federal, state or local government."

Rule BV8 b 5 permits disclosure of the fact that a complaint is pending to a person authorized under subsection b 4, although additional information may not be revealed without "a waiver by the attorney involved." Finally, Rule BV8 b 2 provides that Bar Counsel's "notification to a complainant . . . [regarding] the disposition of the complaint of that complainant is not private and confidential."

Abell maintains that the plain meaning of Rule BV 8 2 is that Commission records of disposition notices to complainants are not private and confidential. We do not perceive that to be its meaning. The plain language of the rule expressly limits disclosure of such disposition notifications to the person filing the complaint. In essence, this rule permits Bar Counsel to release "to a complainant" information not otherwise obtainable under the provisions of Rule BV8 a.

Rule BV8 was first adopted by this Court in 1965 as Rule BV2 d and e. In separate subsections, provision was made for the confidentiality of proceedings, records of proceedings, and records of reprimands, with some exceptions. An amendment in 1973 combined the subsections under the heading *Confidential Nature of Proceedings and Records* (Rule BV2 f). Exceptions were added, as well as a provision that there could be no disclosure of a complaint which had been dismissed. The rule was amended again in 1975. This time,

the general rule, under which proceedings and records of proceedings and reprimands were confidential, was expanded to include records of complaints and investigations, the nondisclosure provision pertaining to dismissed complaints was deleted, and Rule BV8 b 2 was added, upon recommendation of the Court's Standing Committee on Rules. The language proposed by the Rules Committee was that of the current rule, with the exception of the phrase "is not private and confidential," which was added to Rule BV8 b 2 by the Court prior to adoption.

Abell contends that the history underlying the rule's adoption "manifest[s] a clear intent to exempt the notifications from the confidentiality rule, and to permit this limited disclosure of information to the public." Abell maintains that the provision added in 1973 prohibiting disclosure of dismissed complaints was deleted in 1975 "because it would have conflicted with the current exception in Rule BV8 b 2 making notifications to complainants non-confidential records." A review of the history clearly reveals that the substance of this provision was not, in fact, deleted. Rather, it is encompassed in the general rule which in 1975 was expanded to include the confidentiality of records of complaints. Abell also argues that our addition of the phrase "is not private and confidential" to Rule BV8 b 2 prior to its adoption evidences an intent on our part "to make clear — in a way the Rules Committee did not — that these notifications [are] records that [are] neither private nor confidential." The fact that Rule BV8 b 2 is an exception to the confidentiality rule is made abundantly clear by its preface which states: "The following exceptions to privacy and confidentiality are hereby established." Our change was one of style alone and no greater significance may be attributed to it.

We held in *Attorney Griev. Comm'n v. Strathen,* 287 Md. 111, 119, 411 A.2d 102 (1980), that the confidentiality provisions of Rule BV8 "are primarily aimed at the protection of an accused attorney, against whom no charges have been filed." Disclosure of the documents requested by Abell would contravene the purpose of Rule BV8 while doing little to

promote public confidence in the legal profession. Information regarding disciplinary action taken against attorneys is readily accessible by the public in cases in which charges are filed in this Court. In cases not resulting in the filing of charges, *i.e.,* complaint dismissals and private reprimands, the public may still be made aware of action taken by Bar Counsel's publication of summaries of complaints pursuant to Rule BV8 b 6, and by the Commission's issuance of statements of reprimand or exoneration under Rule BV8 b 7. As made manifest by Rule BV8, any enhancement of public confidence resulting from the disclosure of complaints against attorneys, which have been found to be baseless or not serious enough to warrant a public reprimand, is vastly outweighed by the detrimental effect such disclosure would have on an attorney's reputation. *See McLaughlin v. Philadelphia Newspapers, Inc.,* 465 Pa. 104, 348 A.2d 376 (1975).

We hold, therefore, that Rule BV8 b 2 permits the Commission to divulge *to a complainant* the disposition of his complaint, but that Commission records of such correspondence are otherwise confidential under Rule BV8 a. Because inspection is prohibited by Rule BV8 a, the subject records are exempt from public disclosure under § 3 (a) (iii) of the Act.

### III

The appellants maintain that the lower court erred in granting attorney fees to Abell under § 5 (b) (6) of the Act. We agree. Since Abell is not the prevailing party in the action, the judgment for attorney fees will be reversed.

The appellants also challenge the award of costs and attorney fees to Abell under Maryland Rule 604 b 2 incurred in connection with its opposition to the motions raising preliminary objections. As previously indicated, the appellants' motions were based on the contention that the provisions of § 5 (b) (1) of the Act did not fix venue of the suit in Baltimore City. This section expressly invests "the circuit court in the jurisdiction in which the complainant resides, or has his

principal place of business, or in which the records are situated [with] jurisdiction to enjoin the State, any county, municipality, or political subdivision, any agency, official or employee thereof, from withholding records and to order the production of any records improperly withheld from the complainant."

The general rule governing venue in civil actions is found in Maryland Code (1980 Repl. Vol.), § 6-201 (a) of the Courts and Judicial Proceedings Article and is applicable "[s]ubject to the provisions of §§ 6-202 and 6-203 and unless otherwise provided by law." It is thus not necessary that venue in an action under Art. 76A be included under §§ 6-202 or 6-203 if a venue provision is included in the Act. Without question, § 5 (b) (1) provides the venue requirements for actions under Art. 76A. If the section were meant to confer only subject matter jurisdiction on the circuit courts, the designation of which circuit courts have jurisdiction to order the production of records would not have been included. Therefore, we cannot say that the lower court erred in concluding that there was no substantial justification for the filing of the motions, and in assessing costs and attorney fees against the Commission.

> *Order granting summary judgment for appellee reversed; summary judgment entered for appellant pursuant to Maryland Rule 875; order awarding attorney fees to appellee in the amount of $4,110.48 reversed; order awarding attorney fees to appellee in the amount of $750 affirmed; costs to be paid by appellee, The A. S. Abell Company.*