s/ Joseph H. H. Kaplan<br>
Joseph H.H. Kaplan<br>
Judge

## NATIONAL INSTITUTES OF HEALTH FEDERAL CREDIT UNION v. GORDON L. HAWK ET AL.

[No. 235, September Term, 1980.]

*Decided November 12, 1980.*

190

The cause was argued before GILBERT, C. J., and COUCH and MACDANIEL, JJ.

*Robert H. Metz,* with whom were *Linowes & Blocher, Ronald E. Resh* and *Resh & Orens* on the brief, for appellant.

*Robert H. Levan* and *Howard J. Thomas,* with whom were *Levan & Schimel* and *Bradshaw, Thomas & Yeatman* on the brief, for appellees.

*Amicus curiae* brief filed for Montgomery County, Maryland, *Paul A. McGuckian, County Attorney for Montgomery County, Robert G. Tobin, Jr., Deputy County Attorney for Montgomery County,* and *A. Katherine Hart, Assistant County Attorney for Montgomery County,* on the brief.

COUCH, J., delivered the opinion of the Court.

This appeal comes to us from an opinion and order entered by the Circuit Court for Montgomery County on January 22, 1980 affirming the April 4, 1979 decisions of the County Board of Appeals for Montgomery County, Maryland.

The County Board had affirmed the issuance on November 18, 1977 of a certificate of use and occupancy to the National Institutes of Health Federal Credit Union (Credit Union) for

a building located in Bethesda, Maryland. The County Board also revoked a certificate of final inspection and occupancy that had been issued on August 15, 1978 for the same premises. This appeal followed.

For the reasons set forth, we hold that the Circuit Court for Montgomery County erred in affirming the County Board's decision concerning the 1977 certificate, but was correct in affirming the County Board's decision concerning the 1978 certificate.

On appeal the Credit Union and the appellees present a series of questions concerning the application of zoning laws and equitable doctrines. We shall address the questions after having first discussed the crucial issue of jurisdiction which was presented by the *amicus curiae,* Montgomery County, Maryland, in its brief.

## *JURISDICTION OF THE COUNTY BOARD*

### *I. Cases A-504 and A-505*

Credit Union purchased the property at 9030 Old Georgetown Road, Bethesda, Maryland, in 1977. It is zoned R-60, a designation for single-family residences. The land is improved by a two-story building originally constructed and occupied by the American Speech and Hearing Association pursuant to a special exception granted in 1964 for a scientific society headquarters. Subsequent zoning ordinance amendments changed the status of the site to that of a non-conforming use.

Responding to an inquiry by the Chief of Zoning and Licenses the Montgomery County Attorney, in 1975, indicated that the property's status would not be affected by its conveyance provided that the nature and character of the property's use remained substantially the same.

In 1976 when the Credit Union sought to purchase the property, it was informed by the County Attorney that a use and occupancy permit would be issued if the non-conforming use of the facility was not abandoned. The Credit Union then

bought the property and obtained the use and occupancy permit on November 18, 1977 for the use of the facility as a "headquarters office."

No appeal was taken from the issuance of this permit within the time period required by law. The Montgomery County Zoning Ordinance allows certain appeals, and states in pertinent part:

"59-A-4.3 FILING OF APPEALS

(a) Appeals to the board may be made by any person, board, association, corporation, or official allegedly aggrieved by the grant or refusal of a building or use-and-occupancy permit or by any other administrative decision based or claimed to be based, in whole or in part, upon this chapter, including the zoning map.

* * *

(e) Except as otherwise specifically provided by statute, any administrative appeal to the board from any action, inaction, decision or order of a department of the Montgomery County Government shall be considered de novo. The Department shall comply with the prehearing submission requirements of Chapter 2A of the Code."

The applicable provisions of Chapter 2 of the Montgomery County Code, 1972, as amended 1977, provide:

"Sec. 2-112. Powers, duties and functions.

(a) The county board of appeals . . .

(3) *Hearing under Building Code.* The board shall hear and decide all appeals taken under the Building Code for the Maryland-Washington Regional District, as the same is now in force in the regional district of the county or may hereafter be amended or extended to the entire county; provided, that

the authority under the Building Code which is hereby transferred to the board established by this article shall be limited to the hearing and deciding of appeals taken from decisions of the division of construction permits of the department of environmental protection, and all such appeals shall be filed with the board within thirty days after the decision of the department of environmental protection. [Footnotes omitted]."

On February 8, 1978, the Credit Union applied for a building permit from the Department of Environmental Protection (DEP) for "interior renovations" for a "non-residential" use of an "office/bank/professional" facility. The plans submitted with the permit application disclosed extensive alterations including the addition of a bank vault and eight teller windows. Following a review of the application and plans, the Director of DEP issued a building permit to the Credit Union on April 20, 1978. No timely appeal was taken from that action.

Several letters of complaint were written to DEP by area residents beginning with a letter of Gordon Hawk, now appellee, dated May 21, 1978. A subsequent letter written by counsel for the appellees requested the Director of DEP to suspend the use and occupancy permit issued on November 11, 1977 to the Credit Union, and to schedule a show cause proceeding to determine the validity of the initial use and occupancy permit approval. On July 27, 1978, the Director denied both requests. This denial was appealed on August 9 and August 10, 1978 by two groups of protestants, now the appellees, to the County Board of Appeals, and designated as cases A-504 and A-505.

On August 31, 1978, a hearing was convened in the two cases before a hearing examiner pursuant to the County Board's order. It was learned at the hearing that DEP had issued to the Credit Union a certificate of final inspection and occupancy on August 15, 1978. The hearing was continued in order to give the protestants time to also appeal

the August 15, 1978 action of DEP. On September 6, 1978, appeals were filed with the County Board protesting the issuance of the final certificate. These cases were designated A-513 and A-514, and were consolidated with the two previous cases.

A public hearing was held on September 29, 1978 concerning the four cases. After reviewing the testimony and visiting the subject property, the hearing examiner submitted an extensive report, dated January 24, 1979. The hearing examiner recommended that the County Board affirm the issuance of the initial use and occupancy permit of November 18, 1977, and affirm the subsequent decision of the Director of DEP not to revoke the permit. The examiner also recommended that the County Board reverse the action of DEP in issuing the final certificate on August 15, 1978.

The matter was argued before the County Board, and in an opinion dated April 4, 1979, the Board affirmed the Director's actions concerning the initial permit, and reversed the actions concerning the final certificate. The County Board directed DEP to revoke the final certificate and issue a replacement certificate consistent with the headquarters office use represented and authorized in November of 1977.

The Credit Union appealed to the Circuit Court for Montgomery County, challenging the County Board's jurisdiction over the subject of a non-conforming use in the present circumstances, arguing that the DEP was estopped to revoke the certificate, and claiming that the County Board misapplied the law in the case. The circuit court affirmed the decisions of the County Board in all four cases, finding that there were no perceivable errors of law in the standards applied by the County Board, and no lack of jurisdiction in the Board to entertain and hear the various appeals. The circuit court also determined that equitable estoppel could not be applied against the County in the present cases.

On appeal to this Court, Montgomery County, Maryland, *amicus curiae,* contends that the County Board had no

jurisdiction over the appeals designated A-504 and A-505, concerning the issuance of the November 18, 1977 permit. We agree. The County Board should not have heard these appeals and should not have addressed the Director's issuance of a permit on November 18, 1977, because the thirty-day time limit set forth in Section 2-112 (a) (3) of the Montgomery County Code had already passed before the appeals were filed on August 9 and August 10, 1978. The appellees failed to comply with the procedure for timely appeal, and thus lost their privilege to challenge the initial permit.

The jurisdiction of the County Board over the November 18, 1977 permit was not revived by the Director of DEP's refusal to revoke the permit. The July 27, 1978 action of the Director, that provoked cases A-504 and A-505, was not an appealable order or decision of the DEP. The hearing examiner recognized this fact and stated in his report:

"The 'decision' which is the subject of Appeals A-504 and A-505 being that evidenced in the letter of July 27, 1978 (Exhibit No. 21 in Case A-505) from the Director of the Department of Environmental Protection is not a final administrative decision, order or determination. It is at most a reiteration or reaffirmation of the final administrative decision or order of the department granting the original Use and Occupancy Certificate on November 18, 1977. If this were not the case an inequitable, if not chaotic, condition would exist. All that an appellant would be required to do to preserve a continuing right of appeal would be to maintain a continuing stream of correspondence, dialogue, and requests of the nature pursued by the appellants herein with appropriate departmental authorities even on the most minute issues of contention with the ability to pursue a myriad of appeals ad infinitum. The appeal provisions in the County Code and Zoning Ordinance dealing with administrative proceedings before various County departments and agencies clearly relate in their respective procedure to a

point in time when the finality of the review process is conceded and all opportunities to appeal from administrative decisions and orders are clearly specified within prescribed procedures and time limitations. *Hartman v. Prince George's County,* 264 Md. 320 [286 A.2d 88] (1972)."

Both the County Board and the circuit court apparently ignored the hearing examiner's finding, and chose to exercise jurisdiction over the Director's action. We, however, hold that cases A-504 and A-505 should have been dismissed as recommended by the hearing examiner. Dismissal is required by this Court when a lower court or agency lacked jurisdiction to hear a zoning appeal. *Hope v. Baltimore County,* 44 Md. App. 481, 409 A.2d 753 (1980), *aff'd* 288 Md. 656, 421 A.2d 576 (1980).

An appeal requires authorization by statute regardless of the persons or agencies involved in the controversy. *Montgomery County v. One Park North Associates,* 275 Md. 193, 338 A.2d 892 (1975); *City of Annapolis v. Hartge,* 38 Md. App. 629, 635, 382 A.2d 345 (1978), *cert. den.,* 282 Md. 731 (1978). Consequently, where a specific remedy and procedure for appeal are provided by statute, they must scrupulously be followed. *Baranski v. Prince George's County,* 41 Md. App. 443, 450, 397 A.2d 265 (1979).

The specific remedy for an alleged improper issuance of a use and occupancy certificate, described in the Montgomery County Zoning Ordinance, is the filing of an appeal with the County Board within thirty days after the certificate has been issued. Any appellate review of cases A-504 and A-505 would circumvent the statutory limitation of action. The issuance of the certificate on November 18, 1977 may not be challenged because of the delay in raising the matter for appeal. *Badian v. Hickey,* 228 Md. 334, 179 A.2d 873 (1962). Likewise, the Director's action of July 27, 1978 may not be challenged because an administrative decision concerning reconsideration of zoning is not an appealable final order. *Kay Construction Co. v. County Council,* 227 Md. 479, 490, 177 A.2d 694 (1962).

Therefore, cases A-504 and A-505 required dismissal for lack of jurisdiction by the County Board and Circuit Court to hear the cases.

## II. Cases A-513 and A-514

The appeals to the County Board in cases A-513 and A-514 concerned the August 15, 1978 issuance of a certificate of final inspection and occupancy. The certificate was issued pursuant to the Montgomery County Code 1972, as amended 1977, which states in pertinent part:

"Sec. 8-28. Certificate of use and occupancy.

\* \* \*

(b) *Buildings hereafter altered.* It shall be unlawful for any person to use or occupy a building hereafter enlarged, extended or altered to change from one use group to another, in whole or in part until a certificate of use and occupancy shall have been issued by the director certifying that the work has been completed in accordance with the provisions of the approved permit; except, that any use or occupancy, which was not discontinued during the work of alteration, shall be discontinued within thirty days after the completion of the alteration unless the required certificate is secured from the director.

(c) *Existing buildings.* Upon written request from the owner of an existing building, the director shall issue a certificate of use and occupancy; provided, that there are no violations of law or orders of the director pending and it is established after inspection and investigation that the alleged use of the building has heretofore existed. Nothing in this chapter shall require the removal, alteration or abandonment of or prevent the continuance of the use and occupancy of a lawfully existing building, unless such use is deemed to endanger public safety and welfare.

* * *

(f) *Contents of certificate.* When a building or structure is entitled thereto, the director shall issue a certificate of use and occupancy within ten days after written applications. The certificate shall certify compliance with the provisions of this chapter and the purpose for which the building or structure may be used in its several parts. The certificate of use and occupancy shall specify the use group, the fire grading, the maximum live load on all floors, the occupancy load in the building and all parts thereof and any special stipulations and conditions of the building permit. (1975 L.M.C., ch. 1, § 3.)"

The building permit issued on April 20, 1978 indicated DEP's approval of the renovation plans for the Credit Union facility. The certificate of August 15, 1978 indicated compliance with that building permit (per subsection (b), supra), continuation of the existing use of the facility (per subsection (c), supra), and approval of the purpose for which the building would be used (per subsection (f), supra).

Both the issuance of the building permit on April 20, 1978 and the issuance of the final certificate on August 15, 1978 constituted final decisions from which appeals could be taken within thirty days pursuant to the Zoning Ordinance. The appeals for cases A-513 and A-514 were not filed until September 6, 1978, thus excluding the renovation plans of the April 20, 1978 building permit from consideration by the County Board. The various aspects of the August 15, 1978 certificate were within the County Board's jurisdiction.

At oral argument all parties agreed that the County Board's scope of review over the August certificate was limited. The appellant, however, believed that the County Board "absolutely" was limited to determining whether or not the specifications of the approved building permit were followed. Citing *Logan v. Town of Somerset,* 271 Md. 42, 53, 314 A.2d 436 (1974), the appellant argued that the certificate of August 15, 1978 had the narrow function of showing that the appellant's construction work complied

with the building permit. Montgomery County, *amicus curiae,* makes a similar argument in its brief, relying on the language of Section 8-28 (b).

Neither the language of *Logan,* nor the reference to a single subsection of the County Code is persuasive authority in the present case. *Logan* is distinguishable because the zoning ordinance interpreted in that case was subsequently deleted from the Montgomery County Code. Code 1972, as amended, Table of Disposition. Moreover, in *Logan,* the Court of Appeals addressed the merits of a zoning dispute and found that a certificate of occupancy would not validate an unauthorized use in an R-60 zone. In the present case, however, the appellant would have the reviewing courts refrain from examining the merits of the case. We prefer not to so limit our review.

In the language of the present Montgomery County Code, Section 8-28, we find authority for the County Board and the courts to review more than just the certificate's function of showing approval of completed renovations. The County Board and the courts may consider on appeal whether DEP erroneously validated a renovated facility's *subsequent* use and purpose. This broader scope of review clearly is provided for by subsections (c) and (f) of Section 8-28.

The County Board had jurisdiction to consider cases A-513 and A-514. The proposed use of the facility, as an issue examined by DEP in the certification process, could properly be challenged in those cases. The appellees' challenge of the use of the Credit Union facility was brought to the County Board within the thirty-day time limit. Thus their appeal was not affected by those Court of Appeals decisions prohibiting appeals of subsequent agency actions to reach back to the merits of an original action. *See Nutter v. Mayor and City Council of Baltimore,* 230 Md. 6, 185 A.2d 360 (1962).

## ZONING—EXTENSION OF USE

In his opinion and order the trial judge stated:

"After a thorough review of the extensive record

in the case, including the testimony, exhibits, the examiner's findings, the Board's decision, and the extensive briefs of both sides, the Court is satisfied that the use proposed by the Credit Union of the premises at 9030 Old Georgetown Road, is in fact, and law, an extension and not an intensification of the non-conforming use authorized by the County in November of 1977. Even if the Court were not so convinced after its review, there is in the record ample evidence to support the conclusion of the Board of Appeals in this regard, and since the Court cannot simply substitute its views for that of the responsible administrative agency, the decision must be affirmed as fairly debatable and supported by substantial evidence."

From our own examination of the record we agree with the circuit court, and we affirm its decision to order revocation of the August 15, 1978 certificate of final inspection and occupancy.

Maryland case law permits continuing a non-conforming use, but does not permit the transmogrification of an approved non-conforming use into a new and different use. The latter constitutes an unlawful extension, even if there is no outward change in the appearance of the facility being used. *Wilson v. Mayor and Commissioner of Elkton,* 35 Md. App. 417, 371 A.2d 443 (1977).

The hearing examiner and the County Board determined that the original non-conforming use of the scientific headquarters was unlawfully extended by the Credit Union to the extent that the appellant conducted "financial transaction activity on the subject premises." The Credit Union did not adequately show that the renovations approved by the certificate of August 15, 1978 "were or should have been necessarily incident to the use of the premises by the prior user of the non-conforming use."

## EQUITABLE ESTOPPEL

The appellant recites in its brief a list of the various

approvals of permits and applications which it received during the renovation of the facility. From this recitation the Credit Union argues that its good faith is established, and that it justifiably relied upon the actions of the Montgomery County agencies, thus estopping the County Board from revoking the August 15, 1978 certificate.

We disagree. The Circuit Court correctly held that, despite narrow exceptions, estoppel cannot successfully be invoked against municipal authorities based on zoning actions. *Lipsitz v. Parr,* 164 Md. 222, 164 A. 743 (1933); *Hagerstown v. Long Meadow Shopping Center,* 264 Md. 481, 287 A.2d 242 (1972). The record of the appellant's gradual revealing of the use of the facility suggests a "close to the vest" attitude toward the community in which the facility is located and raises questions of the Credit Union's claim of good faith.

We also think that the appellant has not proven the required elements of estoppel, even against a private party. There is doubt that substantial loss would result from the revocation of the August 15, 1978 certificate. *See Harris Used Car Company v. Anne Arundel County,* 257 Md. 412, 263 A.2d 520 (1970).

> *Judgments in cases A-504 and A-505 reversed and case remanded to circuit court with instructions to dismiss.*
>
> *Judgments in cases A-513 and A-514 affirmed.*
>
> *Costs to be divided one-half to appellant and one-half to appellees.*