JOSEPH JACK *v.* FOSTER BRANCH HOMEOWNERS ASSOCIATION NO. 1, INC. ET AL.

[No. 415, September Term, 1982.]

*Decided December 9, 1982.*

The cause was argued before MORTON, LISS and ADKINS, JJ.

*Cypert O. Whitfill,* with whom were *Whitfill, Leaf & Hertsch, P.A.* on the brief, for appellant.

*Charles H. Reed,* with whom were *Gregory A. Szoka* and *Cameron, Reed, Keenan & Love* on the brief, for appellees.

ADKINS, J., delivered the opinion of the Court.

In 1976, appellant Dr. Joseph Jack sought a variance from the off-street parking requirements of the Harford County zoning ordinance. The zoning hearing examiner denied the request. The Board of Appeals reversed. The Circuit Court for Harford County reversed the Board and thus denied the variance.

In 1980, Dr. Jack applied for a modification, reduction or waiver of the off-street parking requirements. The hearing examiner granted the application. The Board of Appeals affirmed. Once again, the Circuit Court for Harford County reversed, this time on the ground that Dr. Jack's second application was barred by the doctrine of *res judicata.* Whether the earlier circuit court decision produced an estoppel by judgment is the issue on appeal. We think it did not, and reverse.

*Facts*

Dr. Jack is a physician who maintains his professional office in the garage portion of his residence. Under § 8.031 of the Harford County zoning ordinance, a physician's office is a permitted accessory use in the zone in which Dr. Jack's home is located. Section 16.021 of the ordinance requires eight off-street parking spaces per physician to be furnished in connection with any physician's office.

Unable or unwilling to supply eight parking spaces on his property, Dr. Jack in 1976 sought a variance, under §§ 20.47, 20.471, and 20.472 of the ordinance, to permit him to operate his office with only four off-street parking spaces. These sections provide:

> 20.47. VARIANCES. Where, by reason of the exceptional narrowness, shallowness or unusual shape of a specific piece of property on the effective date of this Ordinance, or by reason of exceptional topographic conditions, or other extraordinary situation or condition of such piece of property, or the use or development of property immediately adjoining the piece of property in question, the literal enforcement of the requirements of this Ordinance would involve practical difficulty or would cause unnecessary hardship — unnecessary to carry out the spirit and purpose of this Ordinance — the Board shall have power upon appeal in specific cases, filed as hereinbefore provided, to authorize a variance from the terms of this Ordinance, so as to relieve such hardship, and so that the spirit and purpose of this Ordinance shall be observed and substantial justice done. In authorizing a variance, the Board may attach thereto such conditions regarding the location, character and other features of the proposed structure or use as it may be necessary in the interest in the furtherance of the purposes of the Ordinance and in the public interest. In authorizing a variance, with attached conditions, the Board shall

require such evidence and guarantee or bond as it may deem to be necessary, that the conditions attached are being and will be complied with.

20.471 No such variance in the provisions 'or requirements of this Ordinance shall be authorized by the Board unless the Board finds, beyond reasonable doubt, that all the following facts and conditions exist:

a. That there are exceptional or extraordinary circumstances or conditions applying to the property in question, or to the intended use of the property, that do not apply generally to other properties or classes of uses in the same zoning district.

b. That such variance is necessary for the preservation and enjoyment of substantial property rights possessed by other properties in the same zoning district and in the same vicinity.

c. That the authorizing of such variance will not be of substantial detriment to adjacent property, and will not materially impair the purposes of this Ordinance or the public interest.

20.472 No grant of a variance shall be authorized unless the Board specifically finds that the condition or situation of the specific piece of property, or intended use of said property, for which variance is sought — one or the other in combination — is not of so general or recurrent a nature to make reasonably practicable the formulation of a general regulation for such conditions or situation.

Electing to proceed without counsel, Dr. Jack appeared before the hearing examiner. No transcript of that hearing appears in the record in this case, but the hearing examiner found that:

Under Section 20.47 of the Zoning Ordinance of Harford County, an applicant must show that there is some special and unusual topographic condition of his property or that it is exceptionally narrow,

shallow or of an unusual shape or of an extraordinary situation or condition or of the use or development of property immediately adjoining the pieces of property in question which makes a practical difficulty or causes unnecessary hardship. The intention of the ordinance is that the hardship caused to the owner is from the character of the land itself.... The criterion used for determining hardship is whether the restriction when applied to the property in the setting of its environment is so unreasonable as to constitute an interference with all reasonable rights of use.... Unnecessary hardship which will support the granting of a variance must relate to the land and not the owner.... There is not a scintilla of evidence in this case that the land and residence cannot be used as a residence but only that it cannot be used as a residence and office without the requisite number of parking spaces.

\* \* \*

Here financial hardship is not sufficient nor is the simple fact that an applicant will be unable to realize a business advantage without [a variance].

\* \* \*

The facts of this case as presented by the Applicant do not meet the burden of proof necessary for the granting of a variance and the request is, therefore, denied.

Dr. Jack then retained counsel (not his counsel in this appeal) and appealed to the Board of Appeals (the County Council). The Board found that Dr. Jack was not legally required to have eight off-street parking spaces. Without making specific findings of fact, that agency further found that Dr. Jack had met the requirements for a variance specified in § 20.471 of the ordinance.

The Board of Appeals thereupon granted the variance.

Neighbors of Dr. Jack appealed this decision to the Circuit Court for Harford County. Dr. Jack's lawyer failed to file an answer to the petition of appeal, Maryland Rule B9, and did not participate in the appeal.

The circuit court reversed the Board of Appeals and denied the variance. It held that the zoning ordinance did require eight off-street parking spaces for a physician's office and that the hearing examiner's exposition of the law had been correct. Although the court found:

> It is true that the evidence revealed that Dr. Jack's activities did no appreciable harm, that any street parking traceable to them did not pose a real problem, that blacktopping his front yard to provide the necessary space might constitute a cure worse than the disease, and that his availability resulting from the location of his office in a residential area was probably more in the public interest than the strict enforcement of the Zoning Ordinance...

it, nevertheless, found that a variance should not have been granted, for the reasons stated by the hearing examiner. It reversed the Board and denied the variance.

From the judgment of the circuit court, which was entered in 1979, Dr. Jack took no appeal. Instead, equipped with his present counsel, he in 1980 filed an application for modification, reduction, or waiver of the off-street parking requirements. This application was filed under § 16.025 of the ordinance, rather than under the variance section which had provided the basis for the 1976 application. Section 16.025 provides:

> 16.025 The Board of Appeals may authorize, subject to the provisions of Section 20.4, a modification, reduction or waiver of the foregoing requirements, [relating to off-street parking] if it should find that in the particular case appealed, the peculiar nature of the residential, business, trade, industrial or other use, or the exceptional shape or size of the property or other exceptional situation or condition,

would justify such modification, reduction or waiver.

As he had in 1976, Dr. Jack again asked for permission to operate his office with less than eight off-street parking spaces.

The hearing officer held that § 16.025 was less restrictive than §§ 20.47 and 20.471 because under it Dr. Jack would be entitled to a modification of the off-street parking requirements "because of the peculiar nature of the residential business ... or otherwise, or because of the exceptional shape or size of the property, or other exceptional situation or condition." [1] She found "nothing exceptional about the shape of Dr. Jack's property" and that "there is nothing peculiar in the nature of his business. . . ." But she also found "an exceptional situation or condition" in that

> Dr. Jack's property is simply not large enough to accommodate an off-street parking area in the rear of his house because of the extreme slope in his rear yard. . . . In addition ... there was sufficient testimony ... that there is sufficient on-street parking on Haverhill Road to accommodate the increase in parking which may be generated as a result of Dr. Jack's medical practice.

After the Board of Appeals ratified and adopted the entire recommendation of the hearing examiner, another visit to the Circuit Court for Harford County ensued. In 1982, the court reversed the Board and denied the relief requested by Dr. Jack. The basis for the judgment was that the previous circuit court decision was *res judicata.* The court said:

> In applying the law to this case ... there is no evidence in the record to show any substantial change in conditions [between the first judgment

---

1. The 1980 application was apparently treated as a request for a special exception under § 20.45 of the ordinance. This is authorized by § 16.025, which allows the granting of a modification, reduction, or waiver of "the foregoing" off-street parking requirements "subject to the provisions of Section 20.4." Section 20.45 is one of those provisions.

and the second application], as required by *Mar-shall v. Fitzgerald* [47 Md. App. 319,·423 A.2d 967 (1980), *cert. den.* 289 Md. 737 (1981)]. The previous decision, in Case No. 2109, involved the same basic issue whether Dr. Jack could operate his medical practice in his home, as an accessory use, without complying with the off-street parking require-ments. The decision in that case was adverse to him on that issue, and in the absence of a substantial change in conditions is a bar to further litigation on this same issue.

## Estoppel by Judgment

In this case, as in *Brandt v. Montgomery County Comm. on Landlord-Tenant Affairs,* 39 Md. App. 147, 383 A.2d 688, *cert. den.* 282 Md. 735 (1978), we are dealing with the effect of a circuit court judgment on a subsequent administrative proceeding. Thus, we need not examine the decisions on the application of the doctrine of *res judicata* to the decisions of administrative agencies,[2] or those relaxing certain aspects of the doctrine with respect to administrative decisions under some circumstances, *Cecil County v. Racine,* 24 Md. App. 435, 332 A.2d 306 (1975).

As Judge Wilner pointed for the Court in *Klein v. Whitehead,* 40 Md. App. 1, 389 A.2d 374, *cert. den.* 283 Md. 734 (1978), *res judicata,* and the related doctrine of collateral estoppel, "derive immediately from the larger jurispru-dential demand that properly entered judgments be regarded as final, a concept which itself emanates from, and is required by, the societal need for certainty in the law." *Id.* at 12, 389 A.2d 381. Consistent with this policy, the rule of *res judicata* is

> that a judgment between the same parties and their privies is a final bar to any other suit upon *the same cause of action,* and is conclusive, not only as to all

---

2. See, e.g., White v. Prince George's County, 282 Md. 641, 387 A.2d 260 (1978); and Woodlawn Area Citizens Association v. Prince George's County, 241 Md. 187, 216 A.2d 149 (1966).

matters that have been decided in the original suit, but as to all matters which with propriety could have been litigated in the first suit [emphasis added]. *Alvey v. Alvey,* 225 Md. 386, 390, 171 A.2d 92, 94 (1961).

There are situations in which this doctrine may not preclude a second case which is or may be on the "same cause of action", as where there has been a change in law between the first proceeding and the second, *Marshall v. Fitzgerald, supra,* or whether there has been a material change in circumstances since the first decision, *Whittle v. Board of Zoning Appeals,* 211 Md. 36, 125 A.2d 41 (1956). But neither of those situations is present here. Nor is there any claim that the parties in the two cases were different; identity of parties was conceded at oral argument.[3]

If, as appellees contend, the doctrine of *res judicata* applies, Dr. Jack's second application would be barred; he could have joined a "modification, reduction or waiver" request under § 16.025 of the ordinance with his 1976 variance application, as he did in the 1980 proceedings. Thus, both matters "could have been litigated in the first suit", *Alvey v. Alvey, supra.* And despite Dr. Jack's arguments to the contrary, this result would not change because he was not represented by counsel the first time around, or because counsel did not act effectively, *Mettee v. Boone,* 251 Md. 332, 247 A.2d 390 (1968), *Alvey v. Alvey, supra, Restatement (Second) of Judgments,* § 19, Comments a and e, (1982). Nor would it matter that a more effective and persuasive case was put on in the second proceeding, *Whittle, supra.* But all of these consequences ensue only if the doctrine of *res judicata* applies. Under the circumstances of this case, the critical issue determining that question is whether the "cause of action" in the second case was the same as the "cause of action" in the first.

---

**3.** The first appeal to the circuit court was taken by neighbors of Dr. Jack. The second appeal was taken by neighbors and by Foster Branch Improvement Association No. 1. The appellants in the second appeal to the circuit court are the appellees here.

If the way to decide the issue is to attach simplistic labels, such as "tort" or "contract", the scales come down in favor of Dr. Jack. An application for a variance may be perceived as different from an application for modification, waiver, or reduction of the off-street parking requirement. The opposite result might be achieved by application of the "single wrongful invasion of a single primary right" test we used in *Davis v. Frederick County,* 25 Md. App. 68, 334 A.2d 165, *cert. den.* 275 Md. 747 (1975).[4] Likewise, if the transactional analysis espoused by the American Law Institute is applied, *Restatements (Second) of Judgments,* § 24, (1982), the appellees would prevail. Here, the "transactions" would be attempts to secure permission to operate with less than eight off-street parking spaces, and would be the same in each proceeding.

The rule for determining the identity of causes of action in Maryland, however, is none of the above. Rather, it is the "same evidence" test. *MPC Inc. v. Kenny,* 279 Md. 29, 367 A.2d 486 (1977); *Singer v. Steven Kokes, Inc.,* 39 Md. App. 180, 384 A.2d 463 (1978); *Klein v. Whitehead, supra.* Under that test, as explained in *Klein,* (quoting *Freeman on Judgments,* 5th Ed., § 687, which in turn quotes in part *Kiniry v. Davis,* 200 P. 439 (Okl. 1921)):

> "The cause of action is the same when the evidence will support both actions; or rather the judgment in the former action will be a bar, provided the evidence necessary to sustain the judgment for the plaintiff in the present [second] action would have authorized a judgment for him in the former." If this identity of evidence is found, it will make no difference that the form of the two actions is not the same. 40 Md. App. at 18, 389 A.2d at 384.

To apply this test in the instant case, we must look to what evidence was required in the two underlying administrative proceedings. In each of the circuit court cases, no evidence

---

4. In light of MPC Inc. v. Kenny and Singer v. Steven Kokes, Inc., both infra, and Klein v. Whitehead, supra, the test discussed in Davis v. Frederick County, supra, has been abandoned.

was presented. In the first case (and in the second, had the court not disposed of it on the basis of *res judicata*) the issue before the court was essentially whether the record contained sufficient evidence to make the administrative decision fairly debatable, *Jabine v. Priola,* 45 Md. App. 218, 231-32, 412 A.2d 1277, 1285 (1980).

The evidence necessary to sustain Dr. Jack's second application was "some exceptional situation or condition [which] would justify [a] modification, reduction or waiver" of the off-street parking requirements; § 16.025 of the zoning ordinance. The hearing examiner found that the size and topography of Dr. Jack's lot constituted such an "exceptional situation or condition".

This same evidence of size and topography could have supported the earlier variance application to the extent of showing the "exceptional topographic conditions, or other extraordinary situation or condition of such piece of property" required by § 20.47 of the ordinance and the "exceptional or extraordinary conditions" required by § 20.471 a. But to prevail under §§ 20.47, 20.471, and 20.472, Dr. Jack had to produce *additional* evidence including evidence that:

1. The literal enforcement of the ordinance would involve practical difficulty or cause unnecessary hardship [perhaps encompassed within the "exceptional condition" requirement already noted];

2. The "exceptional or extraordinary circumstances or conditions" did not apply generally to other properties or classes of uses in the same district;

3. The variance was "necessary for the preservation and enjoyment of substantial property rights possessed by other properties in the same zoning district and in the same vicinity";

4. The granting of the variance would "not be of substantial detriment to adjacent property, and [would] not materially impair the purposes of this ordinance or the public interest";

5. "The condition or situation of the specific piece of property, as intended use of said property, for which variance is

sought — one or the other in combination — is not of so general or recurrent a nature to make reasonably practicable the formulation of a general regulation for such conditions or situation".

None of these five items had to be established in order to obtain relief under § 16.025. Thus, as in *Kiniry v. Davis, supra,* the evidence necessary to sustain the second action here was not the same as the evidence necessary to support the first; or, as in *MPC Inc. v. Kenny, supra,* the same evidentiary facts would not sustain both actions. Under either formulation, the causes of action are not the same under the "same evidence" test; *res judicata* does not apply.[5]

Nor do appellees fare better under the doctrine of collateral estoppel. Under this doctrine, if there is identity of parties (as there is here) the earlier judgment is conclusive as to issues actually litigated and decided in it, even though the cause of action in the second case is different from the cause of action in the first.

Because we lack any transcript of the 1976 variance proceeding, it is difficult to determine exactly what issues were actually litigated and decided in it or in the appeal to the circuit court, except for certain findings in Dr. Jack's favor as noted by the circuit court. We may assume that the size and topography of Dr. Jack's lot were two such issues. But even on that assumption, collateral estoppel does not apply in this case. As § 28 of the *Restatement (Second) of Judgments* (1982) points out:

> Although an issue is actually litigated and determined by a valid and final judgment, and the deter-

---

5. The Court of Appeals has recognized that applications for a variance and special exception are distinguishable.

> [O]ne important distinction is that where a specific use is permitted by the legislative body in a given area if the general zoning plan is conformed to and there is no adverse effect on the neighborhood, the application [for a special exception] can be granted without a showing of hardship or other conditions which are necessary for the allowance of a variance.

Montgomery County v. Merlands Club, 202 Md. 279, 289, 96 A.2d 261, 265 (1952).

mination is essential to the judgment, relitigation of the issue in a subsequent action between the parties is not precluded in the following circumstances:

\* \* \*

(4) The party against whom preclusion is sought had a significantly heavier burden of persuasion with respect to the issue in the initial action than in the subsequent action. . . .

In the 1976 variance proceeding, Dr. Jack had to establish his case "beyond a reasonable doubt", § 20.471 of the ordinance. There is no such requirement under § 16.025. Clearly, the burden of persuasion was far heavier in the first case than in the second.

Therefore, we hold that on the record presented to us in this case, the Circuit Court for Harford County erred in disposing of Dr. Jack's second application on the basis of *res judicata,* and that the doctrine of collateral estoppel by judgment does not bar that application.

*Other Matters*

In their brief, appellees argue that § 16.025 permits a modification, reduction, or waiver only of the screening and set back requirements of § 16.024. They contend that the former section does not reach the provisions of § 16.021, dealing with the number of off-street parking spaces generally required. This argument was raised before the hearing examiner and decided adversely to appellees. It was raised in the second circuit court proceeding, but not decided there. Although if the matter were properly before us, we would be inclined to agree with the hearing examiner's treatment of this issue, we decline to decide it, since it was not decided by the circuit court, Maryland Rule 1085.

*Judgment reversed.*
*Appellees to pay the costs.*