494 A.2d 713

CENTURY I CONDOMINIUM ASSOCIATION, INC., et al.,

v.

PLAZA CONDOMINIUM JOINT VENTURE, et al.

No. 1408, Sept. Term, 1984.

Court of Special Appeals of Maryland.

July 5, 1985.

Robert B. Taylor and Raymond S. Smethurst, Jr., Salisbury (Adkins, Potts & Smethurst, Salisbury, on brief), for appellants.

Judith D. O'Neill, Baltimore (Jayson L. Spiegel, Weinberg and Green, Baltimore, Edward H. Hammond, Williams, Hammond, Moore, Shockley & Harrison, P.A., Ocean City, on brief), for appellee, Plaza Condominium Joint Venture.

Guy R. Ayres, III and Ayres, Jenkins, Gordy & Almand, P.A., Ocean City, on brief, for appellee, Zoning Administrator of Town of Ocean City.

Before BISHOP, ADKINS and KARWACKI, JJ.

ADKINS, Judge.

This appeal involves one of several skirmishes in a seemingly endless war between the principal appellants and cross-appellees, Century I Condominium Association, Inc. and Pyramid Condominium Association (appellants) on the one hand, and the principal appellee and cross-appellant Plaza Condominium Joint Venture (Plaza) on the other. The war concerns appellants' opposition to Plaza's construction and use of an eighteen-story condominium in Ocean City.[1] This particular engagement involves appellants' disagreement with an order of the Circuit Court for Worcester County (Eschenburg, J.) dismissing their appeal from the Ocean City Board of Zoning Appeals which had rejected

---

1. If, as some contend, Ocean City is doomed to inevitable and relatively imminent destruction by natural forces, one may wonder whether such a war is worth fighting. *See* Pilkey, "The Twilight of Ocean City" Washington *Post*, May 26, 1985, p. C–1, and Baltimore *Sun*, June 9, 1985, p. 60. But even though longer-term prospects may be gloomy, one supposes that there are substantial profits to be made in the near-term. *See* Gunts, "1984 was a record-breaking year for real estate sales in Ocean City" Baltimore *Sunday Sun*, June 16, 1985, p. H–1. .

their attempt to appeal from the issuance of a building permit. Plaza, for its part, takes issue with the trial court's refusal to apply Md.Rule 1–341 sanctions against appellants. In this court, Plaza also seeks Rule 1–341 sanctions with respect to appellants' appeal.

## Background

Plaza applied to the Ocean City Planning and Zoning Commission for site plan approval of its proposed condominium. On June 1, 1983, the commission approved the site plan, but recommended that Plaza obtain a conditional use permit for off-site parking and a height exception. Plaza appealed those recommendations to the zoning administrator and the Board of Zoning Appeals. On June 30 the administrator decided that Plaza did not need a conditional use permit. At the same time, the board granted the height exception. The commission appealed the former determination to the board. Appellants questioned the height exception by filing a bill for declaratory and injunctive relief in the Circuit Court for Worcester County.

In August the board rejected the commission's appeal concerning the off-site parking. No one appealed from that decision. On January 31, 1984, appellants dismissed their height exception case with prejudice. On February 15, 1984, the zoning administrator issued a building permit to Plaza. It contained the height and parking exceptions. Appellants responded with a double salvo. They filed another declaratory judgment action in the Circuit Court for Worcester County in which they attacked the off-site parking exception and the administrative conclusion that no conditional use permit was required. And they appealed the issuance of the building permit to the Board of Zoning Appeals on essentially the same grounds.

In April the board dismissed the appeal, determining that the issuance of the building permit was not an appealable act. Appellants appealed to the circuit court. In the meantime, a motion to dismiss the declaratory judgment action had been filed. On June 29 Judge Eschenburg granted the

motion, later explaining that he did so because appellants had "failed to *timely* and *properly* exhaust their administrative remedies" [emphasis in original]. Appellants appealed to this court.

Still pending in the circuit court, of course, was *this* case—appellants' appeal from the board. Judge Eschenburg dismissed that on October 2, 1984, holding that the appellants' "appeal of the underlying zoning decisions of the . . . Board of Zoning Appeals have [*sic*] not been timely or properly appealed to this Court" and that "[t]he issues raised by [appellants] in this case are substantially identical to the issues raised by the same parties before the same court known as *Century I Condominium Association, Inc. et al. v. Plaza Condominium Joint Venture* . . . which issues were previously briefed extensively to this Court . . . and ruled upon in favor of [appellees] on June 29, 1984. . . ." He held that those issues were barred by *res judicata* because of the June 29 decision. On the same date, without explanation, Judge Eschenburg also denied Plaza's Rule 1–341 motion for assessment of counsel fees against appellants. Once again, appellants appealed to this court. As we have seen, Plaza also appealed from the denial of its Rule 1–341 motion.

On March 16, 1985, in an unreported per curiam decision, we affirmed Judge Eschenburg's June 29, 1984, judgment. *Century I Condominium Association, Inc. et al. v. Plaza Condominium* Joint Venture, No. 999, Sept. Term, 1934 (filed March 16, 1985).[2] Because we conclude that the March *Century I* decision is *res judicata* as to the merits of appellants' appeal, we shall dismiss the appeal. Md.Rule 1035 b.8. We shall affirm Judge Eschenburg's denial of Rule 1–341 sanctions below, but impose a portion of the Rule 1–341 relief Plaza seeks in this court.

---

**2.** Although Md.Rule 1092 c. generally prohibits citation of unreported opinions of this court, there is an exception when, as here, *res judicata* is involved.

## Res Judicata

Appellants argue that the basic issue in this case is whether the issuance of a building permit is appealable to a Board of Zoning Appeals. We see the issue somewhat more narrowly; it is whether the specific building permit issued to Plaza in February 1984 was appealable to the board.

But in any case, this is the very issue that we have recently resolved in the companion *Century I* appeal just cited.[3] Because that decision disposed of the substantive issues in this case, it is effectively *res judicata* as to it, except for the Rule 1–341 questions addressed below.

■ *Res judicata* or estoppel by judgment bars a second suit between the same parties and their privies if the same cause of action has been finally decided on the merits in a prior action. *Alvey v. Alvey,* 225 Md. 386, 390, 171 A.2d 92 (1961). The appeal before us now involves the same parties' appeal from the same building permit involved in the companion case. Although the issues of the two appeals are phrased differently, the essence of both appeals is a collateral attack on the earlier height and conditional use exception decisions. This is apparent upon examination of the pleadings in each case, the memoranda of law submitted below, and the briefs filed here.

■ Moreover, we have held that a cause of action is the same for *res judicata* purposes when the evidence necessary to sustain a judgment for the plaintiff in the second action would have supported a judgment for him in the former. *Jack v. Foster Branch Homeowners Ass'n, No. 1, Inc.,* 53 Md.App. 325, 334, 452 A.2d 1306 (1982). The evidence necessary to sustain appellants' attack on the building permit related back to the 1983 zoning actions. When Judge Eschenburg decided (and we affirmed in No.

---

**3.** The issue in that case was actually whether the building permit issued to Plaza was appealable to the *circuit court.* As far as the disposition of this appeal is concerned, however, the distinction between appeals to the court versus appeals to an administrative board is immaterial.

999) that those actions could no longer be attacked because the effect was untimely, that precluded any further challenge to the permit.

■ In short, appellants' claim in *this* case is the same as their claim in *that* case, when the same evidence test is applied. Our March 16 decision in *that* case is, therefore, *res judicata* as to *this* case. *Alvey*, 225 Md. at 390, 171 A.2d 92. No petition for certiorari was filed in that case; the decision is now final. Accordingly, we dismiss appellants' appeal *nostra sponte* pursuant to Md.Rule 1035 b.8.[4]

### *Rule 1–341*

This brings us to the problem of Rule 1–341. It arises in two aspects. The first is presented by Judge Eschenburg's denial of Plaza's request for $14,062 in attorneys' fees and out-of-pocket expenses incurred in defending this case in the Circuit Court for Worcester County and before the Board of Zoning Appeals. The second is presented by Plaza's motion for an award of $8,654.35 in fees and expenses incurred in connection with the appeal to this court. Neither below nor here have appellants challenged the reasonableness of the amounts claimed. The question, therefore, is only whether fees and costs should be awarded under Rule 1–341.

■ That rule provides:

In any civil action, if the court finds that the conduct of any party in maintaining or defending any proceeding was in bad faith or without substantial justification the court may require the offending party or the attorney advising the conduct or both of them to pay to the adverse party the costs of the proceedings and the reasonable expenses, including reasonable attorney's fees, incurred by the adverse party in opposing it.

---

4. Had we decided this case on the merits, we would have affirmed Judge Eschenburg's judgment.

As we pointed out in *Blanton v. Equitable Bank, National Association,* 61 Md.App. 158, 161, 485 A.2d 694 (1985), before Rule 1–341 sanctions may be applied, one or both of two predicates must exist. They are "bad faith" and "lack of substantial justification." We turn first to the proceedings below and consider whether either or both of these predicates have been established.

■ Ordinarily, a trial judge faced with a Rule 1–341 motion should make an explicit determination as to the existence of these factors. *See Hess v. Chalmers,* 33 Md. App. 541, 545, 365 A.2d 294 (1976) (construing former Md.Rule 604 b). Judge Eschenburg did not do so. He merely penned on Plaza's motion:

> Motion in so far as it applies to attorney [*sic*] fees is denied. The remainder of the motion is made moot by virtue of the Courts [*sic*] order granting the Motion to Dismiss. See last paragraph of said Order.[5]

Undeterred by this lack of explication, Plaza insists that appellants' maintenance of the instant case demonstrated "lack of substantial justification and bad faith." We have held that this phrase also encompasses the maintenance of a proceeding for purposes of harassment and delay. *See Blanton,* 61 Md.App. at 162, 485 A.2d 694.

> As to bad faith and delay, it is Plaza's view that [appellants have] tried to delay the ultimate resolution of the issues underlying this appeal for the sole purpose of stalling construction and occupancy of Plaza Condominium. [Their] efforts at protracting this litigation are

---

5. The last paragraph of this order apparently refers to the fact that Judge Eschenburg's order dismissing appellants' administrative appeal awarded court costs to Plaza. The award of *court costs* is only one of the sanctions available under Rule 1–341 and these costs are ordinarily awarded to the prevailing party in any event. Rule 2–603(a). Rule 1–341 authorizes the award of another type of "costs"—"the reasonable expenses [of litigation] including [but not limited to] reasonable attorney's fees." We note that the award of court costs did not extend to other non-fee reasonable expenses incurred by Plaza. Therefore, we assume that when Judge Eschenburg denied attorney's fees, he intended to include within that term non-court-cost expenses.

designed to prejudice Plaza Condominium by clouding and hindering attempts to sell any condominium units during the upcoming summer season. Cross-appellants' brief at 19.

From this they argue bad faith.

■ Maybe so; had Judge Eschenburg so concluded as a matter of fact, we might have agreed. *See Pharmakinetics Laboratories, Inc. v. Comptroller,* 63 Md.App. 619, 623, 493 A.2d 408 (1985). In any event, we would have something to review. But because there is no definite indication of the judge's views of the facts, there is no opportunity for the application of the clearly erroneous rule. *Feldstein v. Segall,* 198 Md. 285, 81 A.2d 610 (1951). Nor do we find deliberate delay and consequent bad faith as a matter of law as appellants suggest. These factors involve questions of intent and as such, generally, require a factual determination. *See DiGrazia v. County Executive,* 288 Md. 437, 445, 453–54, 418 A.2d 1191 (1980). We do not say they can never be determined as a matter of law, but we decline to do so on this record.

Actually, the significant aspect of the allegation of delay involves the fact that appellants waited until early 1984 to object to the zoning actions taken in the summer of 1983. During much of this period, however, appellants' 1983 declaratory judgment action was pending. It was only after the dismissal of that suit that the 1984 building permit issued. Thus, it was arguably at this point that appellants were first faced with a clear *fait accompli* as to Plaza's authorization to build. They then moved quite promptly to file two separate appeals. The fact that they moved in two parallel lines at approximately the same time does not necessarily establish either delay or bad faith.

Once this case was brought, the record does not show that its progress was slowed by improper dilatory tactics. It was disposed of in the circuit court less than six months after the issuance of the administrative decision from which the appeal was taken. And while it is true that appellants

pursued this case after the June 29, 1984, dismissal of their declaratory judgment action, that fact alone does not demonstrate unjustifiable delay or bad faith. Since that dismissal was on appeal, the issue was still open. Absent a final determination of that issue, appellants were justified in maintaining parallel actions, lest they forfeit all claims therein by voluntary dismissal. While it is true that the events in question might have been the result of deliberately delaying tactics, they also might have been the result of bad judgment or mistaken legal advice. In any event, the factual circumstances do not mandate a choice, as a matter of law, between these alternatives.

Plaza also insists that appellants "maintained" this case "without substantial justification" as a matter of law. "Substantial justification" may be more readily determinable as a question of law than delay or bad faith, but we do not agree that it is necessarily such a question. In cases under former Md.Rule 604 b [6], we have treated this question as one of fact by applying the "clearly erroneous standard" on review. *See Hess,* 33 Md.App. at 545–46, 365 A.2d 294. *See also Brown v. Hardisty,* 40 Md.App. 688, 695, 395 A.2d 154 (1978). *But see Shanks v. Williams,* 53 Md.App. 670, 672–673, 455 A.2d 450 (1983) ("abuse of discretion" standard of review applied) and *Blanton* (appeal held without substantial justification as a matter of law).

Even if we accept Plaza's interpretation and review the question as a matter of law, we think Judge Eschenburg did not abuse his discretion in denying Plaza's motion.

Because appellants had filed their declaratory judgment action before taking an administrative appeal, their civil action was on shaky grounds under the exhaustion of

---

**6.** That rule provided:

In an action or part of an action, if the court finds that any proceeding was had (1) in bad faith, (2) without substantial justification, or (3) for purposes of delay, the court shall require the moving party to pay to the adverse party the amount of the costs thereof and the reasonable expenses incurred by the adverse party in opposing such proceeding, including reasonable attorneys' fees.

remedies doctrine. *Maryland-National Capital Park and Planning Commission v. Washington National Arena,* 282 Md. 588, 386 A.2d 1216 (1978). Appellants sought to alleviate that difficulty by exhausting their administrative remedies. For this they cannot be faulted. The problem is that they attempted to do so by appealing from what we have decided was a non-appealable order, and by taking an appeal that we have decided was not timely. *Century I Condominium Association,* No. 999, Sept. Term, 1984. But the substantial justification question, so far as Judge Eschenburg's action is concerned, must be considered in the light of the circumstances that existed on October 2, 1984, when he decided the Rule 1–341 motion, and not from the perspective of appellate hindsight.

As of that date Judge Eschenburg had, of course, rendered his June 29 judgment in the declaratory judgment case. He had decided, in that case, both that appellants had not exhausted their administrative remedies and that appellants had not timely attempted to do so. He subsequently applied the latter ruling as *res judicata* in the instant case when it reached the circuit court on appeal from the zoning board. But that does not mean that this case was without substantial justification. Judge Eschenburg's earlier ruling as to timeliness could have been wrong. Despite *National Institutes of Health Federal Credit Union v. Hawk,* 47 Md.App. 189, 422 A.2d 55 (1980), *cert. denied,* 289 Md. 738 (1981) and *Nutter v. Baltimore,* 230 Md. 6, 185 A.2d 360 (1962), decisions such as *Colabufalo v. Board of Appeals,* 336 Mass. 213, 143 N.E.2d 536 (1957) and *Agrarian, Inc. v. Zoning Inspector of Hartford County,* 262 Md. 329, 277 A.2d 591 (1971) lend some support, albeit weak, to appellants' claims. This case is not like *Blanton,* in which the inability to appeal from the denial of a continuance was clearly established, thus rendering an attempt to do so without substantial justification. Nor is it like *Shanks,* in which the issue sought to be litigated in the subsequent unjustified action had been litigated to finality in an earlier case. *See also Singer v. Steven Kokes, Inc.,* 39 Md.App.

180, 384 A.2d 463 (1978). On October 2, 1984, the declaratory judgment action had not been litigated to finality; it was on appeal to this court.

In *Dent v. Simmons,* 61 Md.App. 122, 485 A.2d 270 (1985), we reversed a "without substantial justification" award of attorney's fees on the basis of abuse of discretion. We reasoned that "[a] litigant ought not be penalized for innovation or exploration beyond existing legal horizons unless such exploration is frivolous." 61 Md.App. at 128, 485 A.2d 270. In *Blanton* we explained that an action is frivolous if "it indisputably [has] no merit...." 61 Md. App. at 166, 485 A.2d 270 (quoting *In Re Marriage of Flaherty,* 31 Cal.3d 637, 183 Cal.Rptr. 508, 646 P.2d 179, 187 (Cal.App.1982). However meritless appellants' case now appears, it was not necessarily so when Judge Eschenburg ruled. As we observed in *Hess,* " 'without substantial justification' should not be interpreted to mean that the winning party is entitled to counsel fees simply because his opponent misconceived the legal basis upon which he sought to prevail." 33 Md.App. at 545, 365 A.2d 294. In short, although appellants may have been skating on very thin ice, we cannot find lack of substantial justification as a matter of law. Nor can we find that Judge Eschenburg was either clearly erroneous or abused his discretion in denying Plaza's Rule 1–341 motion.

■ In so holding, we emphasize the role of discretion under Rule 1–341. As we observed in *Blanton,* 61 Md.App. at 166, 485 A.2d 270, the new rule is not identical to former Rule 604 b. Under 604 b, once a predicate for sanctions was found, their imposition was mandatory because the rule provided that "the court *shall* require the moving party to pay to the adverse party ... the reasonable expenses incurred by the adverse party ... including reasonable attorneys' fees" [emphasis supplied]. *Colonial Carpets, Inc. v. Carpet Fair, Inc.,* 36 Md.App. 583, 591, 374 A.2d 419 (1977). *See also Singer* and *Hess.* But Rule 1–341 provides only that a "court *may* require the offending party ... to pay

... reasonable expenses, including reasonable attorney's fees" if bad faith or lack of substantial justification is found [emphasis supplied]. The language of the new rule implies that a court may, under some circumstances, exercise its discretion not to award fees despite the existence of a predicate for so doing. The existence of that discretion means that the court must make a judgment call with which we may disagree (in the sense that we might have called it otherwise sitting at the trial bench) but which we will not disturb unless the judgment call is so far off the mark as to amount to an abuse of discretion. That is, a trial judge may decide one way or another in a close case involving discretion and not commit reversible error whichever way he decides. *Danz v. Schafer*, 47 Md.App. 51, 57–58, 422 A.2d 1 (1980). If the trial judge makes such a judgment call, it is highly desirable that he explain the reasons for it. But if that is what Judge Eschenburg did, we are not persuaded that he abused his discretion.

We proceed now to Plaza's claim for Rule 1–341 sanctions in connection with this appeal. This, itself, is divided into two parts. Plaza's original motion, filed in this court, seeks $6,356.35 in appellate fees and expenses incurred prior to oral argument. A supplementary affidavit requests an additional $2,298 in connection with oral argument.

As to the pre-oral argument portion of the motion, the arguments supporting it are essentially those made in connection with the Rule 1–341 motion made in the trial court. We reject them for essentially the reasons already given. We cannot conclude, as a matter of law, that the appeal was taken in bad faith, nor, despite our dismissal, can we say the appeal was indisputably without merit.

Moreover, Plaza presses this portion of the motion with ill grace. On January 28, 1985, appellants moved to stay this appeal pending the outcome of their declaratory judgment appeal (No. 999, September Term, 1984). The gravamen of the motion was that "[b]ecause of the identity of the basic subject matter of the other appeal [No. 999] and the instant

appeal," a decision adverse to appellants in No. 999 "will have the effect of rendering moot the instant appeal and its issues, with the sole exception of the issues pertinent to the cross-appeal [the Rule 1–341 issues now under consideration]." On January 28, no briefs or record extract had been filed in the case *sub judice.* Furthermore, as of that date, none of the fees and expenses listed in the affidavit attached to Plaza's Rule 1–341 motion had been incurred. Plaza vigorously opposed the stay and we denied it on February 4. On the next day, the fees now claimed by Plaza began to be incurred. Had Plaza agreed to the stay, none of those charges might have accrued, since, as we have held, our decision in No. 999 effectively disposed of the present case. In exercising our discretion, we deny Plaza's Rule 1–341 motion as to pre-oral argument fees and expenses.

■ It is otherwise as to the $2,298 claimed with respect to oral argument. We heard oral argument in this case on May 13, 1985. On March 16, another panel of this court had filed its decision in No. 999. For the reasons we have earlier given, that decision disposed of the substantive issues in this case and was effectively *res judicata* as to it, except for the Rule 1–341 questions.

That being so, appellants should have dismissed their appeal following the decision in No. 999. When they did not do so, they maintained it without substantial justification. Their motion for stay in effect concedes this. Because of this, Plaza is entitled to something on account of its oral argument fees. But even had appellants dismissed their appeal, Plaza's cross-appeal, raising the trial court Rule 1–341 issue, would have remained. So would Plaza's Rule 1–341 motion in this court. Some of the fees incurred by Plaza in preparation for argument would have been incurred in any event.

Applying "our own knowledge of the case and the legal effort and expertise required," *Blanton,* 61 Md.App. at 167, 485 A.2d 270, we conclude that Plaza is entitled to some-

thing on account of the oral argument fees. We award it $1,100 in reasonable attorneys' fees.

APPEAL DISMISSED. AS TO CROSS–APPEAL, JUDGMENT AFFIRMED. PURSUANT TO MD.RULE 1–341 APPELLANTS ARE ORDERED TO PAY APPELLEE PLAZA CONDOMINIUM JOINT VENTURE REASONABLE ATTORNEYS' FEES OF $1,100. APPELLANTS TO PAY THE COSTS.