SHELDON J. SINGER ET UX. *v.*
STEVEN KOKES, INC.

[No. 707, September Term, 1977.]

*Decided April 12, 1978.*

The cause was argued before GILBERT, C. J., and THOMPSON and MOORE, JJ.

*Ellis J. Koch,* with whom were *O'Malley, Miles, Farrington & McCarthy* on the brief, for appellants.

*David Macdonald* for appellee.

THOMPSON, J., delivered the opinion of the Court.

In October of 1973, the appellants, Sheldon J. Singer and his wife, Irene, (the Singers) contracted with the appellee, Steven Kokes, Inc. (Kokes) to construct a house in Potomac, Maryland.[1] Dissatisfied after the house was completed, the Singers instituted this suit in the Circuit Court for Montgomery County claiming Kokes failed to construct the house within the time specified, and the construction was defective. The declaration consisted of one count based on breach of warranty and another based on negligence. Kokes responded to the declaration by filing a general issue plea and a motion for summary judgment on the grounds that the action was barred by *res judicata.* Judge Ralph G. Shure granted the motion and the Singers appeal arguing: (1) *res judicata* was inapplicable because the prior suit involved a different cause of action, (2) the defects that constitute the basis of the present suit were unknown at the time of the prior action, and (3) the trial judge erred in awarding attorney's fees to Kokes under Md. Rule 604.[2]

---

1. The actual contract was apparently executed by Kokes and Sheldon J. Singer and Irene J. Singer, Inc. A mechanic's lien and foreclosure proceedings were filed against the Singer corporation and the Singers individually, as owners of the land. The Singers answered in their individual capacity but the corporation did not respond. The suit subsequently proceeded as though the Singers, and not the corporation, executed the contract. The instant suit was also filed by the Singers and not the corporation. As counsel have not raised any question concerning the proper parties to this action, we shall not address the point.

2. Kokes included in its brief a motion to dismiss the appeal on the basis that the order for appeal was not included in the appellants' record extract. Under Md. Rule 1028 b an appellant is required to include in the record extract "such parts of the record as may reasonably be necessary for the determination of the questions presented by the appeal...."

The prior litigation that forms the basis for the claim of *res judicata* involves a suit, instituted by Kokes, to foreclose a mechanic's lien after the Singers refused to release the final draw on the mortgage. As a credit against the lien, the Singers alleged that there were a number of defects in the house and that it was not completed in the specified time. Although the latter claim was rejected by the court, a total of $1,849.96 was allowed as a credit against the lien for various defects. In the process of deciding the matter the court noted the Singers had literally moved in on top of the builder and had constantly harrassed Kokes with changes and complaints. Subsequently, on October 1, 1975, less than three months after the suit was completed, the Singers wrote Kokes claiming another 141 defects existed in the house.

## I The Bar of *Res Judicata*

### (a) Identity of the Two Causes of Action

In arguing their suit is not barred by *res judicata* the first contention raised by the Singers is that the two causes of action are different. The argument made in support of this proposition reflects a fundamental misunderstanding of the doctrine of *res judicata* and is without merit.

The doctrine of *res judicata* consists of two branches: direct estoppel and collateral estoppel. Direct estoppel prevents the relitigation of all matters which were raised or could have been raised in a prior action between the same parties on the same cause of action. Collateral estoppel, on the other hand, applies where a second suit between the same parties is based on a different cause of action and operates as a bar to those issues actually decided in the prior action. *Cook v. State,* 281 Md. 665, 381 A. 2d 671, 673 (1978); *MPC, Inc. v. Kenny,* 279 Md. 29, 32, 367 A. 2d 486, 489 (1977); *Felger v. Nichols,* 35 Md. App. 182, 183-184, 370 A. 2d 141, 142-143 (1977).

One aspect of direct estoppel is that a party must raise all defenses he has to a cause of action and once that action is concluded he cannot use a defensive matter as a basis for relief in a subsequent action between the parties. *Ashman v. Ashman,* 201 Md. 445, 450-451, 94 A. 2d 257 (1953). If a matter

is not in the nature of a defense but constitutes a counterclaim, the general rule is that the party is not required to assert the claim unless the subject matter is such an integral part of the issue being litigated that a judgment would necessarily negate the existence of facts essential to its maintenance. *See Maxcy v. Twilley,* 289 Ala. 681, 271 So. 2d 243, 245 (1972); *Meyer v. Vance,* 406 P. 2d 996, 1001 (Okl. 1965); *Gwynn v. Wilhelm,* 226 Ore. 606, 360 P. 2d 312, 314 (1961). Once a counterclaim is actually interposed, however, direct estoppel prevents a subsequent suit based on the counterclaim. *Hersh v. Allnutt,* 252 Md. 513, 518, 250 A. 2d 629, 632 (1969). *See Levy v. Business Adjustment Service, Inc.,* 522 P. 2d 1239 (Colo. App. 1974); *Burka v. Seidenberg,* 108 A. 2d 159, 160 (D.C. App. 1954); *Dowling v. Pound,* 214 Ga. 298, 104 S.E.2d 465, 467 (1958); *Rothstein v. First National Bank,* 141 Ga. App. 526, 233 S.E.2d 802 (1977); *Simmons v. Mutual Benefit Health and Accident Association,* 186 Neb. 26, 180 N.W.2d 672, 675-676 (1970).

In alleging the two causes of action are different the Singers argue that the mechanic's lien was based on a showing of *substantial* compliance with the contract while their claim is based on a lack of *exact* compliance.[3] Because of this difference the Singers conclude the evidentiary facts necessary to establish the two causes of action are not identical.[4] In making this argument the Singers completely ignore the nature of the credit that they asserted against the lien. The credit was based on the same breach of warranty that serves as the basis for the present litigation. The issue was fully litigated and the Singers were awarded a credit against the lien of $1,849.96. It is obvious that the credit and the present claim are based on the same cause of action. Thus,

---

3. Substantial performance, of course, is not something that is unique to a mechanic's lien but is a part of general contract law. In the prior action once Kokes showed it substantially complied with the contract, in good faith, it was entitled to the contract price less an allowance for any defects in its performance. See e.g., Gamble v. Woodlea Construction Co., 246 Md. 260, 264-265, 228 A. 2d 243, 245 (1967); Evergreen Amusement Corp. v. Milstead, 206 Md. 610, 621, 112 A. 2d 901, 906 (1955).

4. Under MPC, Inc. v. Kenny, *supra,* the test for determining whether two causes of action are the same for purposes of invoking *res judicata* is whether the same evidentiary facts would sustain both actions.

direct estoppel prevents the Singers from asserting any matter based on a breach of warranty for defective workmanship which could have been litigated in the prior suit.[5]

(b) Lack of Knowledge

Kokes supported its motion for summary judgment by affidavit and included a partial record of the prior proceedings. Once Kokes had established sufficient grounds for invoking *res judicata,* the Singers, in order to avoid the entry of summary judgment, were required to show with some precision that *res judicata* was inapplicable. *See Dietz v. Moore,* 277 Md. 1, 5, 351 A. 2d 428, 431 (1976); *Fishman Construction Co. v. Hansen,* 238 Md. 418, 422-423, 209 A. 2d 605, 608 (1965). The Singers attempted to meet this requirement by filing an affidavit stating that a number of the defective items were not known when the original action was tried. The question we must now decide is whether the Singers' lack of knowledge was, by itself, sufficient to avoid summary judgment on the grounds of *res judicata.*

Although the general rule is that a party cannot split a cause of action, an exception exists where the party had no knowledge of the facts that form the basis of the latter suit at the time. This exception is inapplicable where the means of obtaining such knowledge existed and the knowledge could have been obtained with ordinary diligence. *See Macon & Augusta R.R. Co. v. Garrard,* 54 Ga. 327, 329 (1874); *Wheeler Savings Bank v. Tracey,* 141 Mo. 252, 42 S. W. 946, 947 (1897); *Gaither Corp. v. Skinner,* 241 N. C. 532, 85 S.E.2d 909, 912 (1955); *Holland v. Spear & Co.,* 193 Misc. 524, 83 N.Y.S.2d 21, 25-26 (1948); *Badger v. Badger,* 69 Utah 293, 254 P. 784, 787 (1927). Hence, it would be immaterial that the Singers lacked knowledge of the defects, if such knowledge was in their means and could have been obtained through the exercise of ordinary diligence.

---

5. The Singers also claim damages based on the negligent construction of the house. Of course, this claim is also barred by direct estoppel as it seeks recovery for matters which could have been raised in the prior suit and is based on the same evidentiary facts as the breach of warranty claim.

The Singers had resided in the house for approximately 11¹/₂ months prior to the trial of the mechanic's lien. During the trial, they claimed a credit against the lien for 57 various items, and on October 1, 1975, less than three months after the trial had commenced, they sent Kokes a letter containing a list of 141 additional defects. Apparently every item the Singers claimed to be unaware of at the time of the trial was listed.[6] Under these circumstances, we hold the Singers could not avoid the entry of summary judgment by merely alleging they had no knowledge of the defects. Rather, they were required to have shown also that the defects could not have been discovered with reasonable diligence.[7] This they did not do.

---

6. The Singers stated in their affidavit that the following defects were unknown at the time the mechanic's lien was tried:
"Hood duct work broken;"
" 'Aluminum' flashing rusting out;"
"Steel plates over garage rusting through;"
"Nails popping out through dry wall"
"Front railing tearing loose"
"Burst water pipe causing:
    Driveway and walk sinking and broken
    Window well damage, sump pump burned out,
    water in basement, drain tile broken"
"Kitchen floor coming up"
"Plaster breakage in kitchen:
"Dampness through garage wall causing mildew"
"Leaks in sliding door"
In their October 1 letter the following items, among others, were claimed to be defective or the cause of defective items:
"Nail pops in dry wall in bedrooms"
"Steel plate over garage door bleeding through"
"Aluminum flashing over windows rusting and damage resulting"
"Metal railing on living room window dislodged"
"Front walk and driveway sinking"
"Sliding door in family room floods in tract"
"Ceiling plaster down [in kitchen]
"Hood edges unfinished raw wood"
"Caulking around hood sloppy"
"Correct water in basement"
At least one item claimed to be unknown, the kitchen floor, was specifically litigated in the prior action.
7. In their brief the Singers claim that it is obvious that they could not have known about the water pipe. However, they did not state in their affidavit when the water pipe broke and it is equally obvious that if it had broken prior to the trial it should have been discovered. The trial judge was not required to speculate on the date the pipe broke. Rather, it was the responsibility of the Singers to furnish facts sufficient to prevent the grant of summary judgment, if they existed.

## II Award of Attorney's Fees

The final contention raised on appeal is whether the trial judge erred in awarding Kokes attorney's fees under Md. Rule 604 b. Kokes, in addition to claiming the award was proper, also alleges this appeal was taken in bad faith and requests that it be awarded additional attorney's fees under Rule 604 b.

(a) Award of Counsel Fees Below

Although counsel fees are not generally recoverable, *Empire Realty Co. v. Fleisher*, 269 Md. 278, 285, 305 A. 2d 144, 148 (1973); *Colonial Carpets, Inc. v. Carpet Fair, Inc.*, 36 Md. App. 583, 590, 374 A. 2d 419, 423 (1977), an exception to this general rule is contained in Md. Rule 604 b which provides:

> "In an action or part of an action, if the court finds that any proceeding was had (1) in bad faith, (2) without substantial justification, or (3) for purposes of delay the court shall require the moving party to pay to the adverse party the amount of the costs thereof and the reasonable expenses incurred by the adverse party in opposing such proceeding, including reasonable attorneys' fees."

Under this rule once the trial judge finds the proceedings were instituted in bad faith, without substantial justification, or for purposes of delay an award of counsel fees is mandatory. *Waters v. Smith*, 277 Md. 189, 197, 352 A. 2d 793, 797 (1976); *Colonial Carpets, Inc. v. Carpet Fair, Inc., supra,* 36 Md. App. at 591, 374 A. 2d at 424; *Hess v. Chalmers,* 33 Md. App. 541, 545, 365 A. 2d 294, 296-297 (1976).

In the instant case Judge Shure found the proceedings were part of a "determined effort on the part of Mr. and Mrs. Singer, in bad faith and without justification, to harass the defendant corporation." The Singers challenge this conclusion arguing their action was supported by plausible legal arguments. We cannot agree. The arguments presented by the Singers were totally devoid of any merit and in light of the circumstances surrounding this case we see no basis for setting aside the award of attorney's fees.

**(b) Award of Attorney's Fees on Appeal**

Kokes also requests, under Rule 604 b, that it be awarded additional attorney's fees for this appeal. Although fees can be awarded in the trial court under Rule 604 b, that rule does not apply to proceedings in this Court, *see* Md. Rule 1 a. 1., and there is no comparable rule which permits this Court to make such an award.[8] Although Rule 1082 permits this Court to award costs, counsel fees cannot be taxed as part of the costs absent specific authorization. *Empire Realty v. Fleisher, supra,* 269 Md. at 286, 305 A. 2d at 148; *Colonial Carpets, Inc. v. Carpet Fair, Inc., supra,* 36 Md. App. at 590, 374 A. 2d at 424.

*Judgment affirmed.*
*Costs to be paid by appellants.*

---

8. Rule 1 a. 1. provides in part:

"The Rules in Chapters 100-600 do not apply to the proceedings dealt with in Chapters 700, 800, 900 and 1000."