168 N.J. Super. 382 (1979)
403 A.2d 43
BURLINGTON COUNTY INTERNAL MEDICINE ASSOCIATES, P.A., ELLIOTT H. COLEMAN, M.D. AND ALAN S. MOAK, M.D., PLAINTIFFS,
v.
AMERICAN MEDICORP, INC., RANCOCAS VALLEY HOSPITAL, BRACHFELD MEDICAL ASSOCIATES, P.A., JONAS BRACHFELD, M.D., DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided May 25, 1979.
*383 Mr. Michael D. Varbalow for plaintiffs (Messrs. Jubanyik, Varbalow & Tedesco, attorneys).
Mr. William B. Scatchard, Jr. for defendants (Messrs. Capehart & Scatchard, attorneys).
HAINES, J.S.C.
This claim involves alleged anti-trust violations. Defendant American Medicorp, Inc., a multistate corporation, applies through New Jersey counsel for permission to have this cause tried, pro hac vice, by out-of-state counsel. The proposed attorney is Richard L. Berkman, a partner in the Philadelphia firm of Dechert, Price & Rhoads. He specializes in anti-trust law and has been counsel to American Medicorp, Inc. for some years.
Under R. 1:21-2 the requested admission may be allowed at the discretion of this court, "provided, however, that all pleadings, briefs and other papers filed with the court shall be signed by an attorney of record authorized to practice in this state, who shall be held responsible for them and for the conduct of the cause and of the admitted attorney therein." Our Supreme Court has held that there is no constitutional right on the part of the client to select an attorney who is not a member of the bar of New Jersey. State v. Kavanaugh, 52 N.J. 7 (1968). The Supreme Court of the United States, in Leis v. Flynt, ___ U.S. ___, 99 S.Ct. 698, 58 L.Ed.2d 717 (1979), held that an attorney has no constitutional right to be admitted to practice in a state in which he was not a member of its bar. It did not consider the right of a client to choose an out-of-state attorney.
*384 I am bound by the rules and decisions of the New Jersey Supreme Court. Consequently, defendant's argument that admission is mandatory, absent good cause for its denial, is to no avail at this level. The matter is one for the conscientious exercise of my discretion, Higgins v. Polk, 14 N.J. 490 (1954), which requires certain basic information to be supplied by defense counsel. This consists of proof.
(1) that foreign counsel is of good standing in his state and is associated with New Jersey counsel of good standing here. A certificate from the official of the State of Pennsylvania authorized to attest to the good standing of attorneys must be submitted with respect to Richard L. Berkman. Good standing of New Jersey counsel is acknowledged;
(2) by affidavit of foreign counsel, that he has maintained his competence as an attorney, particularly in any specialization which he claims, through experience, schools, lectures and readings;
(3) by letter of defendant, that it desires to be represented by Pennsylvania counsel in New Jersey, stating reasons;
(4) good cause, presented in affidavit form, which may consist of:
(a) a showing that the cause involves a complex field of law in which counsel is a specialist,
(b) a long held attorney-client relationship,
(c) lack of local counsel with expertise in the field involved,
(d) the existence of legal questions involving the law of the foreign jurisdiction,
(e) the need for extensive discovery proceedings in the foreign jurisdiction.
In the event the defense request is granted, counsel's admission will be subject to appropriate conditions, to be set forth in the order of admission and consented to by all counsel. These will include requirements that the foreign attorney and his law firm will
(A) be bound by our Rules of Court, including our Disciplinary Rules;

*385 (B) advise the court immediately if he ceases to be an attorney in good standing of the foreign jurisdiction;
(C) continue to be associated with New Jersey counsel throughout the trial of the cause and to obey the strictures of R. 1:21-2;
(D) consent to the service of process upon associated New Jersey counsel in any suit brought against him and his firm arising from his participation in the within cause, with the understanding that such service subjects him to the jurisdiction of this court;
(E) recognize and follow New Jersey customs of practice in addition to its Rules of Court;
(F) conduct all discovery proceedings in New Jersey, through New Jersey counsel, unless opposing counsel agrees to a different arrangement;
(G) not apply for any continuances respecting motions and trials on the ground that he is committed to appear before a court of a foreign jurisdiction, other than a federal court;
(H) file a certificate issued by a responsible insurance company showing that he is covered by adequate malpractice insurance.
On receipt of the required proofs, copies of which are to be forwarded to opposing counsel, I will decide the question.