DORA E. SHANKS *v.* GILBERT L. WILLIAMS ET AL.

[No. 771, September Term, 1982.]

\* \* \*

DORA E. SHANKS *v.* TRUSTEES OF MANCHESTER
BAPTIST CHURCH ET AL.

[No. 772, September Term, 1982.]

*Decided February 7, 1983.*

The cause was argued before LOWE, GARRITY and ADKINS, JJ.

*J. Michael McLaughlin, Jr.,* for appellant.

*Elwood E. Swam* and *Richard V. Boswell* for appellees.

LOWE, J., delivered the opinion of the Court.

Both of these appeals derive from a litigiously tenacious litigant's refusal to accept an unfavorable declaration of her rights regarding a right of way over her property. The issue was decided by judgment of the Circuit Court for Carroll County in 1975 from which no appeal was taken. Apparently, however, over three years after judgment she did try to "amend" the proceedings by adding new defendants. Obdurate in her convictions, she has, in lieu of appealing the judgment, sought to attack it collaterally in numerous ways. In 1978 the appellees were compelled to obtain an injunction to keep her from blocking the right of way declared in 1975. In 1979 she petitioned the court in equity to declare her rights under the declaration of rights she had received from it in 1975, to which appellees demurred propitiously. The sustaining of that demurrer (in January 1982) is the subject of Appeal No. 772.

Appeal No. 771 results from another assault on the 1975 decree in the form of a Motion to Revise Judgment pursuant to Md. Rule 625 a.[1] While conceding by silence that no fraud or irregularity underlay that decree, appellant claims that it was entered as the result of a "mistake" made by the trial judge signified, according to appellant, by his having preliminarily expressed as a fact at trial that which contradicted the predicate for his ultimate judgment. The court denied the motion to revise since there was no evidence or allegation of fraud or irregularity, and the "mistake" con-

---

1. "For a period of thirty days after the entry of a judgment, or thereafter pursuant to motion filed within such period, the court shall have revisory power and control over such judgment. After the expiration of such period the court shall have revisory power and control over such judgment, only in case of fraud, mistake or irregularity."

templated by the rule is a far cry from that "mistake" upon which appellant relied. *Hughes v. Beltway Homes, Inc.,* 276 Md. 382, 386-387 (1975); *Bernstein v. Kapneck,* 46 Md. App. 231, 239-240 (1980).

Appellant does not question that ruling here. She complains only that the judge awarded attorneys' fees against her after finding that the motion to revise the 1975 judgment was "frivolous and without substantial merit." Appellant's only complaint regarding Appeal No. 771 is that the trial court erred (*i.e.,* abused its discretion) in awarding such fees pursuant to Md. Rule 604 b which states that:

> "In an action or part of an action, if the court finds that any proceeding was (1) in bad faith, (2) without substantial justification, or (3) for purposes of delay the court shall require the moving party to pay to the adverse party the amount of the costs thereof and the reasonable expenses incurred by the adverse party in opposing such proceeding, including reasonable attorneys' fees."

Obviously recognizing that the demurrer in Appeal No. 772 (which had been heard sometime past but at that time had not yet been decided) related to the same case and was directed against another collateral prong of attack upon the now 7-year-old judgment, the judge quite consistently sustained the demurrer without leave to amend, on grounds of res judicata. Appellant's complaint on appeal of this case, No. 772, is also a flank assault, predicated not so much upon the substantive result as upon the procedural admonition from the Court of Appeals that demurrers are rarely appropriate to dispose of declaratory judgment actions. *Balto. Import Car v. Md. Port Auth.,* 258 Md. 335, 338-339 (1970); *Woodland Beach Ass'n v. Worley,* 253 Md. 442, 447-449 (1969); *Hunt v. Montgomery County,* 248 Md. 403, 408-410 (1968).

The cursory recitation of facts in this case merely listing the persistent attempts to rehash the 1975 case is sufficient for us to see that the trial judge did not abuse his discretion

in awarding counsel fees for a proceeding "without substantial justification". Had the judge found "bad faith", we would not have been sufficiently chagrined to substitute our judgment for his. To the contrary, we admire his restraint.

And so say we also regarding his decision to sustain the demurrer to the 1979 Petition for Declaratory Judgment on the equity side of the court. Although appellant is correct in stating that a demurrer is "rarely" appropriate in a declaratory judgment action, one of those rare instances is when a petitioner waits four years to seek a declaration of a declaration in an obvious bad faith attempt to readjudicate that which has already been decided, and decided, and decided. Courts may utilize a demurrer proceeding in declaratory judgment actions to determine whether a petitioner is entitled to a declaration, *Wiggins v. State,* 22 Md. App. 291 (1974), *aff'd,* 275 Md. 689 (1975), and it is apparent here that appellant had long since received the declaration to which she was entitled, if not the one she desired. Furthermore, courts have some discretion to refuse a declaratory judgment when it does not serve a useful purpose or terminate a controversy, *Staley v. Safe Deposit & Trust Co.,* 189 Md. 447, 457 (1947); *Bachman v. Lembach,* 192 Md. 35, 43 (1949), and a demurrer is an appropriate means to challenge the appropriateness of a remedy, *Borders v. Board of Education,* 259 Md. 256, 258-259 (1970). Our only criticism is that the system was abused so long before the court finally declared that it had had enough.

Enough!

> *Judgments affirmed in both appeals*
> *Nos. 771 and 772; costs to be paid*
> *by appellant.*