485 A.2d 694

**Edward L. BLANTON, Jr.**

v.

**EQUITABLE BANK, NATIONAL ASSOCIATION.**

**Pre-docket No. 1265, Sept. Term, 1984.**

Court of Special Appeals of Maryland.

Jan. 4, 1985.

Richard D. Bennett and Marr, Bennett & Carmody, Baltimore, for appellant.

Edward F. Shea, III, Michael D. Colglazier and Miles & Stockbridge, Baltimore, for appellee.

Submitted to GARRITY, ADKINS and BLOOM, JJ.

ADKINS, Judge.

On October 16, 1984, the Circuit Court for Baltimore County denied Edward L. Blanton, Jr.'s request for a continuance in a pending civil action. On October 19, Blanton appealed the denial to this court. Equitable Bank, National Association, the adverse party in that case, immediately countered with a motion to dismiss the appeal. We concluded that the appeal was from an unappealable interlocutory order and on October 19 granted the motion. Now before us is Equitable's motion for an award of counsel fees and expenses under Md.Rule 1–341. The rule provides:

> In any civil action, if the court finds that the conduct of any party in maintaining or defending any proceeding was in bad faith or without substantial justification the court may require the offending party or the attorney advising the conduct to pay to the adverse party the costs of the proceeding and the reasonable expenses, including reasonable attorney's fees, incurred by the adverse party in opposing it.[1]

---

**1.** Md.Rule 1–341 became effective on July 1, 1984, pursuant to an April 4, 1984, Rules Order of the Court of Appeals. 11:9 *Md.Reg.*, Part II, p. S–1 (April 27, 1984). By virtue of that order Rule 1–341 and the other new rules adopted simultaneously "govern the courts of this State and all parties and their attorneys in all actions and proceedings and shall take effect and apply to all actions commenced on and after July 1, 1984, and insofar as practicable, to all actions then pending...." Equitable's original action against Blanton was commenced before July 1, 1984; the appeal was noted thereafter. In any case, we

Prior to the adoption of Rule 1–341 former Md.Rule 604 b required a circuit court to award reasonable counsel fees and expenses to the adverse party if the court found "that any proceeding was had (1) in bad faith, (2) without substantial justification, or (3) for purposes of delay...." *Singer v. Steven Kokes, Inc.,* 39 Md.App. 180, 384 A.2d 463 (1978); *Colonial Carpets, Inc. v. Carpet Fair, Inc.,* 36 Md.App. 583, 374 A.2d 419 (1977); *Hess v. Chalmers,* 33 Md.App. 541, 365 A.2d 294 (1976). As we pointed out in *Singer,* however, Rule 604 b did "not apply to proceedings in this Court ... and there is no comparable rule which permits this Court to make such an award." 39 Md.App. at 187, 384 A.2d 463 [citation and footnote omitted]. The adoption of Rule 1–341 has superseded that statement in *Singer.*

Rule 1–341 has this effect because, unlike former Rule 604 b, it applies to all courts. It is contained in Title 1 of the Maryland Rules. Rule 1–101 provides that "Title 1 applies to procedure in all courts of this State, except the Orphans' Court...." Rule 1–202(i) instructs that " 'Court' when used in Title 1 applies to any court of this State and means the court in which the action or proceeding is cognizable." Thus a general rule permitting the sanction of reasonable attorney's fees and costs "is applicable for the first time to ... the appellate courts." P. Niemeyer and L. Richards, *Maryland Rules Commentary* 40 (1984).[2]

Our first step in application of the rule is to determine whether Blanton's conduct in noting the appeal was "in bad faith or without substantial justification." If we find either predicate to exist, we may apply the sanction.

---

see nothing impracticable to application of the rule to an appeal noted several months after its effective date.

**2.** In 1980 the Court of Appeals adopted Md.Rule 1024. Section d of that rule permits us to award attorney's fees and expenses as a sanction for violation of the rules pertaining to prehearing conferences. But Rule 1024 d applies only in the prehearing conference context.

Preliminarily we note what at first blush appears to be a distinction between former Rule 604 b and Rule 1–341. Under 604 b any one of three circumstances could provide the basis for the sanction: (1) conduct that amounted to bad faith; (2) conduct that lacked substantial justification; or (3) conduct "for purposes of delay." Under Rule 1–341 there seem to be only two predicate circumstances: (1) conduct that amounts to bad faith; or (2) conduct that lacks substantial justification. Even under the new rule, however, conduct "for purposes of delay" is not excluded from consideration. As Niemeyer and Richards point out:

> Although the phrase "for purposes of delay" is deleted as a reason for assessing attorney's fees, the substance of the rule remains unchanged. The phrase "for purposes of delay" was too broad. For instance, it was rarely if ever a violation of the rule to move for a continuance of a trial, yet a motion for continuance is surely filed for the purposes of delay. The intent of the rule is to prohibit a pleading that is labeled for one purpose, but filed in fact for delay. Misuse of a pleading for this purpose amounts to bad faith.

*Maryland Rules Commentary, supra,* 40.

Keeping these principles in mind, we now review the circumstances surrounding Blanton's appeal from the denial of his continuance request.

According to Equitable's motion to dismiss and the documents attached to and incorporated in it, Equitable sued Blanton in the Circuit Court for Baltimore County on March 24, 1984. On August 16 Equitable's motion for summary judgment was denied. Trial was set for October 18 (later postponed to October 22). On October 10 Blanton sought a continuance. He asserted that he and others were preparing to file suit against Equitable alleging various misdeeds "arising out of the same course of events giving rise to the present cause of action." He said the new suit would be filed by October 15. He requested the continuance to give him "the opportunity to prepare his Complaint ... against

the Equitable Bank" and so that the two actions could be consolidated.

Equitable opposed the request. It claimed that Blanton had been aware of Equitable's alleged misdeeds since at least February, that he had alleged fraud by Equitable in his plea to its declaration, that he had failed to file any counterclaim against Equitable, and that he had failed to pursue any discovery relating to his possible defenses against Equitable. Equitable concluded that Blanton's request for continuance was "merely a dilatory tactic ... to prevent the trial of Equitable's claim against him."

As we have seen, the trial court denied the request for a continuance. When Blanton appealed that denial, Equitable moved to dismiss because the denial was an unappealable interlocutory order. As we have also seen, this court agreed with Equitable.

Whether Blanton's appeal was taken in bad faith we need not decide. Under Rule 1–341 "bad faith," in some circumstances, may include an action taken for the purpose of causing unjustifiable delay. One might infer such a purpose here. But Equitable did not charge Blanton with taking the appeal in bad faith. It raised, instead, the issue of lack of substantial justification for it.

As to that issue, it is clear that the denial of a continuance is an unappealable interlocutory order. It is not among the appealable interlocutory orders listed in § 12–303 of the Courts and Judicial Proceedings Article. Moreover, in *Smiley v. Atkinson*, 12 Md.App. 543, 280 A.2d 277 (1971), *aff'd* 265 Md. 129, 287 A.2d 770 (1972), we held that such an order was unappealable.

*Smiley*, it is true, did not discuss the possible availability of the collateral order doctrine as a basis for appeal. Apparently, the issue was not raised. That doctrine had its origin in *Cohen v. Industrial Beneficial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). *Cohen* was first cited by the Court of Appeals in *Pearlman v. State*, 226 Md. 67, 172 A.2d 395 (1961). But the doctrine was not

frequently invoked in Maryland until after the *Smiley* decision. For a listing of the more recent cases, *see Kawamura v. State,* 299 Md. 276, 282 n. 5, 473 A.2d 438 (1984). *And see Parrott v. State,* 301 Md. 411, 483 A.2d 68 (1984).

■ The collateral order doctrine is to be applied "only sparingly." *Sigma Reproductive Health Center v. State,* 297 Md. 660, 670, 467 A.2d 483 (1983). The requirements for applying it are sometimes stated as three, *see Kawamura,* and sometimes as four, *see Parrott,* 301 Md. at 419, 483 A.2d 68 (quoting 15 C. Wright, A. Miller and E. Cooper, *Federal Practice and Procedure: Jurisdiction* § 3911 at 470–71 (1976 and 1983 Supp.)). Under either formulation, however, the elements are essentially the same: (1) there must be an order that finally disposed of the appellant's claim; (2) the claim must be collateral to and separable from the issue on the merits; and (3) the order must involve an important question or right that (4) would not be effectively reviewable on appeal after final judgment.[3] All of the requirements must be met if the doctrine is to be applied. *Sigma,* 297 Md. at 670, 467 A.2d 483.

■ For purposes of the present case we need not review all of the requirements. While the applicability of the first may be conceded, and while the applicability of the second and third are dubious, the fourth one simply is not present here. An order denying a continuance is effectively reviewable on appeal after final judgment. Md.Rule 1087. *See Stans v. Gagliardi,* 485 F.2d 1290 (2d Cir.1973) (no collateral order appeal from denial of postponement of criminal trial; denial could be reviewed on appeal from final judgment). This is consistent with the holding of the Court of Appeals in *Parrott.*

---

**3.** In *Kawamura, supra,* the Court said the doctrine permits appeals "from certain interlocutory orders which [1] conclusively determine an important question, [2] are separate from the merits of the case, and [3] are effectively unreviewable on appeal from a final judgment." 299 Md. at 282 n. 5, 473 A.2d 438.

*Parrott* was a criminal case in which the State obtained an order of removal. The defendant's appeal from that order was dismissed. Judge Rodowsky, writing for the Court of Appeals, pointed out that Parrott's claim "would not be lost, if there is a final judgment against Parrott and the point is made on appeal from that judgment." 301 Md. at 425, 483 A.2d 68. In other words, the claim was effectively reviewable on appeal after final judgment. As Judge Rodowsky further observed:

> If the State should not have been permitted to remove Parrott's prosecution from Prince George's County, and absent any intervening factors which would waive or cure the error, Parrott would be entitled to have the conviction vacated and a new trial ordered. The burden of a second trial, per se, is not the kind of burden which satisfies the collateral order rule. Any right which Parrott asserts in opposition to the State's suggestion of removal necessarily deals with the place of trial. But Parrott asserts no right which could prevent the trial itself.

301 Md. at 425–26, 483 A.2d 68.

This reasoning applies with equal force to the case at bar. If Blanton loses and, after final judgment, convinces an appellate court that the trial court erred in denying the continuance, he may be entitled to a new trial. But the possible burden of that second trial is not enough to satisfy the doctrine. Furthermore, Blanton's request dealt with the time of trial. He asserted no claim "which would prevent the trial itself"—he sought only to postpone it. Blanton's appeal was not authorized under the collateral order doctrine.

■ Both *Smiley* and the collateral order doctrine demonstrate that the order from which Blanton appealed was not appealable. We hold that the appeal was without substantial justification. It was not an attempt at "innovation or exploration beyond existing legal horizons." *Dent v. Simmons,* 61 Md.App. 122, 127, 485 A.2d 270, 272 (1985). It

was frivolous because it "indisputably had no merit...." *See In Re Marriage of Flaherty*, 31 Cal.3d 637, 183 Cal. Rptr. 508, 516, 646 P.2d 179, 187 (1982).

We recognize that Rule 1–341 appears to grant discretion to award fees and expenses, once the basis for doing so exists. Under former Rule 604 b the award was mandatory once a predicate was found. *Singer, Colonial Carpets,* and *Hess,* all *supra.* But given the frivolous nature of this appeal, we perceive no reason not to exercise our discretion in favor of an award. *See Attorney Grievance Commission v. A.S. Abell Co.*, 294 Md. 680, 690, 452 A.2d 656 (1982) (trial court did not err in imposing 604 b sanctions when "no substantial justification" for interposing objection to venue). *Shanks v. Williams*, 53 Md.App. 670, 672–73, 455 A.2d 450 (1983) (trial court did not abuse discretion in awarding 604 b counsel fees "for a proceeding without 'substantial justification' ").

■ It may be that under some circumstances due process would require us to hold a hearing to decide whether sanctions should apply, and if so, the appropriate amount to be assessed, and against whom the assessment should be made. *See, e.g., Miranda v. Southern Pacific Transportation Co.*, 710 F.2d 516, 522–23 (9th Cir.1983) (attorney fee sanction improper where attorneys denied notice, opportunity to respond, and hearing). Those circumstances are not present here. Equitable's Rule 1–341 sanction motion was filed in this court on October 28, 1984. A copy was served on Blanton's counsel. No response to the motion was filed. No request for a hearing was made. In short, Blanton had notice, opportunity to respond, and opportunity to request a hearing. He did none of those things. We think Blanton has waived any right to a hearing. *D.H. Overmyer Co. v. Frick Co.*, 405 U.S. 174, 185, 92 S.Ct. 775, 782, 31 L.Ed.2d 124 (1972) (due process rights to notice and hearing prior to civil judgment subject to waiver). *See Schultz v. Pritts*, 291 Md. 1, 7, 432 A.2d 1319 (1981) (when administrative agency relies on evidence submitted after hearing, due

process may be violated if no opportunity afforded to challenge the evidence; but there may be no due process violation if parties are aware that the evidence will be considered but make no objection). We proceed, therefore, to consider the appropriate amount of the sanction and against whom it should be assessed.

An affidavit filed by counsel for Equitable discloses that "the expenses incurred by Equitable in preparation and filing of the Motion to Dismiss the appeal was [*sic*] $902.80 including $860 in attorney's fees and $42.80 in disbursements." The affidavit does not disclose precisely what work, if any, was done by partners in the firm employed by Equitable, what was done by associates, and what by others, such as paralegals. We have no information as to the actual time expended or the rates charged by the firm for time expended by different categories of lawyers or others. The motion was not a particularly complex one, and displays no extensive legal research. The only authority cited in it is § 12–301 of the Courts and Judicial Proceedings Article. The only case law cited in the motion for sanctions is *Smiley, supra.* Because of the imminence of the pending trial when the appeal was noted it was clearly necessary, however, to prepare the notice and its appurtenant documents under considerable time pressure.

Taking account of these factors, and applying our own knowledge of the case and the legal effort and expertise required, *Sharp v. Sharp,* 58 Md.App. 386, 406, 473 A.2d 499 (1984), we conclude that a fee of $500 would be reasonable in addition to the expenditures of $42.80.

As to who shall pay this sum of $542.80, the rule explains that the sanction may be imposed on "the offending part or the attorney advising the conduct or both of them...." It may well be that a lawyer who advises a party to take a clearly meritless appeal should be subjected to all or part of the sanction. Md.Rule 1–311(b) provides that "[t]he signature of an attorney on a ... paper constitutes a certification that the attorney had read the ... paper; that to the best of

the attorney's knowledge, information, and belief there is good ground to support it; and that it is not interposed for improper purpose or delay." Counsel for Blanton signed the order for appeal. "A violation [of Rule 1–341] is also a violation of Rule 1–311 if the party is represented by counsel." Niemeyer and Richards, *supra*, at 41.[4] But Equitable's motion seeks sanctions only against Blanton. In the posture of this case, we shall not go beyond that request. We shall order Blanton to pay Equitable the sum of $542.80 as reasonable expenses, including attorney's fees, incurred by Equitable in connection with its motion to dismiss Blanton's appeal.

PURSUANT TO MD.RULE 1–341 EDWARD L. BLAN-TON, Jr. IS ORDERED TO PAY EQUITABLE BANK, NATIONAL ASSOCIATION, THE SUM OF $542.80 AND THE COSTS OF THESE PROCEEDINGS.

---

4. Rule 1–311(c) authorizes an additional sanction against an attorney (appropriate disciplinary action) for "a wilful violation" of that rule.