550 A.2d 728

**Fred W. ALLNUT, Sr., et al.,**

v.

**COMPTROLLER OF THE TREASURY.**

No. 243, Sept. Term, 1988.

Court of Special Appeals of Maryland.

Dec. 6, 1988.

Certiorari Denied March 8, 1989.

Lowell H. Becraft, Jr., Huntsville, Ala. (James L. Mayer, Ellicott City, on the brief), for appellants.

John K. Barry, Asst. Atty. Gen., Annapolis (J. Joseph Curran, Atty. Gen., Baltimore, and Gerald Langbaum, Asst. Atty. Gen., Annapolis, on the brief), for appellee.

Argued before BISHOP, KARWACKI and FISCHER, JJ.

BISHOP, Judge.

Appellants, Fred W. Allnut, Sr. and Fred W. Allnut, Jr. (Allnuts) appeal from a judgment entered in the Circuit Court for Howard County, (Sybert J.) dismissing their complaint for failure to state a claim for which relief could be granted.

## ISSUE

Although appellants raise several issues, we will address only one of them in resolving this case, i.e., whether the validity of the Maryland personal income tax depends upon either the constitutionality of former Section 205 of the Revised Statutes of the United States, or the proper ratification of the Sixteenth Amendment to the United States Constitution.

## FACTUAL BACKGROUND

The Allnuts filed a complaint against the Comptroller of the Treasury of Maryland which sought to enjoin the Comptroller from assessing and collecting Maryland personal income taxes. The complaint principally charged that the tax imposed under Article 81 § 279 et seq. is tied to and dependent upon the federal income tax imposed by Internal Revenue Code, ch. 736, 68A Stat. 3 (1954) (codified as amended at 26 U.S.C. §§ 1–9602 (1986 & 1988 Supp.)), the validity of which depends in turn upon the proper ratification of the Sixteenth Amendment. Appellants reasoned that a finding that the Sixteenth Amendment had not been properly ratified would mandate a finding that the Maryland personal income tax is void. Appellants additionally sought declaratory relief that former § 205 of the Revised Statutes of the United States [1] is unconstitutional, and that

---

1. The Revised Statutes were repealed by an Act of 1933, ch. 202, 47 Stat. 1431. which was in turn repealed by an Act of 1947, ch. 388, § 1,

the Sixteenth Amendment had not been ratified and was fraudulently certified as ratified.

In response to the Allnuts' complaint, the Comptroller moved to dismiss. He argued that the Allnuts' contention was frivolous, constituted a non-justiciable political question, and was premised on an inaccurate view of the source of the State's taxing power.

## MARYLAND'S TAXING POWER

■ In *Wood v. Tawes*, 181 Md. 155, 165, 28 A.2d 850 (1942), *cert. denied* 318 U.S. 788, 63 S.Ct. 982, 87 L.Ed. 1154 (1943), the Court of Appeals explained that "the tax ... is founded upon the protection afforded by the state to the recipient of the income in his person, in his right to receive the income and in his enjoyment of it when received." (quoting *People v. state of New York ex rel. Cohn v. Graves*, 300 U.S. 308, 313, 57 S.Ct. 466, 467, 81 L.Ed. 666 (1937)). In *Katzenberg v. Comptroller*, 263 Md. 189, 282 A.2d 465 (1971) the court stated:

[T]here is a wide disparity between state and federal power in this area. The State's power to tax is a basic attribute of sovereignty.... No similar power rested in the government of the United States, which is the reason why it was necessary to adopt the 16th Amendment to the constitution in order to permit the passage of valid federal income tax laws and why draftsmen have taken particular care not to extend the reach of federal legislation before 1 March 1913[2]. The state is subject to no such limitation.

263 Md. at 205, 282 A.2d 465. (citations omitted) (footnote added). *Katzenberg* therefore makes clear that the source of Maryland's taxing power is not, as appellants suggest, the Sixteenth Amendment. Moreover, the court explained

---

61 Stat. 633, which enacted the current 1 U.S.C. §§ 1–213. *See* 1 U.S.C. § 111 (1985).

**2.** The Sixteenth Amendment was ratified on February 3, 1913.

the General Assembly's use of federal adjusted gross income as the basis for the State personal income tax:

> This is a formula or yardstick objectively derived which initially takes no account of the source, nature or composition of the funds; it is simply a figure developed by the federal return.... It is undoubtedly true that the General Assembly, had it seen fit to do so, could have imposed a tax on a taxpayer's gross income, without considering the source from which it came, whether it be earnings, investment income or profits realized from the sale of capital assets, and without granting exemptions, allowing deductions or permitting any other adjustments. If it could validly do this, and we think it could, there is no reason to doubt that it could select some other figure, objectively arrived at, upon which the tax could be based. *Tawes v. Strouse*, 182 Md. 508, 512–13, 35 A.2d 233 (1943). It did this when it chose to base the tax on the figures for adjusted gross income and taxable income, as developed by the federal returns.

*Id.* at 204–06, 282 A.2d 465. The Court thereby made it clear that while there is no necessary tie between the federal income tax and Maryland's tax, the General Assembly exercised its discretion to adopt the federal adjusted gross income as the guide for calculating state tax. This yardstick is mandated in Annotated Code of Maryland, art. 81 § 280(a) (1957, 1980 Repl.Vol.) which provides:

> The taxable net income of an individual taxpayer of this State *shall* be that taxpayer's federal adjusted gross income as defined in the laws of the United States, as amended from time to time and in effect for the corresponding taxable year, with the modifications and less the deductions and personal exceptions provided in this subtitle.

(emphasis added). The Maryland income tax is "dependent" upon the federal income tax only as a guide for calculation, not as a source of taxing power. In fact, the nature of our federal government compels the conclusion that the people

of the states are the source of the federal government's power to tax. The Supreme Court held over a century ago:

> The government of the Union, then ... is, emphatically, and truly a government of the people. In form and in substance it emanates from them. Its powers are granted by them, and are to be exercised directly on them, and for their benefit....

> That the power of taxation is one of vital importance; that it is retained by the states; that it is not abridged by the grant of a similar power to the government of the Union; that it is to be concurrently exercised by the two governments; are truths which have never been denied....

> The people of all the states have created the general government, and have conferred upon it the general power of taxation.

*M'Culloch v. Maryland*, 17 U.S. (4 Wheat.) 316, 405, 424, 435, 4 L.Ed. 579 (1819).

In accordance with *M'Culloch* and *Katzenberg, supra*, it is unnecessary to address the validity of either the Sixteenth Amendment or former § 205 of the Revised Statutes because the validity of neither of these affects the legality of the power of Maryland to tax personal income.

## SANCTIONS

■ Based on untenable arguments which appellants have advanced in this appeal, we will impose upon them the sanctions authorized by Maryland Rule 1–341 which provides:

> In any civil action, if the court finds that the conduct of any party in maintaining or defending any proceeding was in bad faith or without substantial justification the court may require the offending party or the attorney advising the conduct to pay to the adverse party the costs of the proceeding and the reasonable expenses, including reasonable attorney's fees, incurred by the adverse party in opposing it.

Unlike the earlier version of this power contained in former Rule 604 b, Rule 1–341 applies to all courts. *Blanton v. Equitable Bank, National Association,* 61 Md.App. 158, 161, 485 A.2d 694 (1985). Considering the plethora of recent federal cases, all rejecting the very argument which appellants have asserted,[3] and a number of Maryland cases, such as *Tawes,* explaining the source of Maryland's taxing power, we find that this appeal lacks substantial justification.

The Comptroller has complied with our request, made during oral argument. He has filed a Motion for Costs and Attorney's Fees, in which he seeks assessment of costs in the amount of $1,275. The appellants have failed to respond to the motion for sanctions in accordance with Maryland Rule 8–431.[4] Consequently, as in *Blanton,* we do not find that these circumstances require us to hold a hearing on the motion before we impose sanctions. See *Blanton,* 61 Md.App. at 166, 485 A.2d 694. We find the costs to be reasonable and shall therefore accept them as the measure of the sanction to be applied. These sanctions will apply to both the appellants and their counsel in this Court. Having been properly admitted by motion *pro hac vice* to practice for purposes of this trial, Mr. Becraft is subject to the provisions of the Maryland Rules.[5]

---

3. See *U.S. v. Thomas,* 788 F.2d 1250 (7th Cir.1986); *U.S. v. Foster,* 789 F.2d 457 (7th Cir.1986); *U.S. v. Ferguson,* 793 F.2d 828 (7th Cir.1986); *U.S. v. House,* 617 F.Supp. 237 (W.D.Mich.1985); *U.S. v. Stahl,* 792 F.2d 1438 (9th Cir.1986); *U.S. v. Sitka,* 666 F.Supp. 19 (D.Conn.1987) aff'd, 845 F.2d 43 (2nd Cir.1988).

4. **Rule 8–431. MOTIONS**
   (b) **Response.**—Except as provided in Rule 8–605(a) any party may file a response to the motion. Unless a different time is fixed by order of the Court, the response shall be filed within five days after service of the motion.

5. See *Burlington County Internal Medicine Associates, P.A. v. American Medicorp, Inc.,* 168 N.J.Super. 382, 403 A.2d 43 (1979), holding that an attorney licensed to practice in Pennsylvania would be subject to the Rules of Court and Disciplinary Rule of New Jersey if permitted *pro hac vice* to try a case in New Jersey.

JUDGMENT AFFIRMED; PURSUANT TO MD. RULE 1–341 LOWELL H. BECRAFT, JR., JAMES L. MAYER AND THE APPELLANTS ARE JOINTLY AND SEVERALLY ORDERED TO PAY TO THE STATE OF MARYLAND THE SUM OF $1,275 AND THE COSTS OF THESE PROCEEDINGS.