**In re Dan B. PARKS, Debtor.**

**REED & REED, INC., Plaintiff,**

v.

**Dan B. PARKS, Defendant.**

Bankruptcy No. 90–4–1656–PM.
Adv. No. 90–A–0272–PM.

United States Bankruptcy Court,
D. Maryland, at Rockville.

Feb. 14, 1991.

Max S. Stadfeld, Baltimore, Md.

Dan B. Parks, pro se.

ORDER

L. EDWARD FRIEND, II, Bankruptcy Judge, Sitting by Designation.

This case comes before the court on the Motion for Summary Judgment filed by Reed & Reed, Inc. ("Reed"). Reed entered into a contract with the Construction Source, Inc. ("CSI") pursuant to which Reed agreed to subcontract certain mechanical work on a job for CSI (the "Project"). Reed performed all of its required work under the contract, but even though demand was made, CSI refused to pay Reed $14,858.77 due and owing at the conclusion of the contract.

Reed subsequently filed suit against CSI and the Debtor, Dan B. Parks (the "Debtor") in the Circuit Court of Baltimore County, Maryland, at Case No. 90CG1071 (the "State Court Action"). The Debtor was an officer and director of CSI, and Reed alleged in the complaint in the State Court Action that Parks assumed the responsibility for directing how payments received by CSI from the owner of the project was applied.

Reed also alleged in the complaint that CSI was the contractor and that Reed was the subcontractor for the Project pursuant to the Annotated Code of Maryland, Real Property Article ("Code") § 9–201 *et seq.* It was further alleged that the owner of the Project paid CSI in full for the labor, materials and equipment which Reed performed at and furnished to the Project. Reed accordingly sought relief under Code § 9–201, which provides that money paid by the owner of a Project to a contractor for work performed by or materials supplied by a subcontractor is held in trust by

the contractor as trustee for the subcontractor for purposes of paying the claim of the subcontractor. Reed further alleged that CSI and Parks were fiduciaries for Reed under the Code, and that with the intent to defraud Reed, they retained or used money that CSI and Parks received from the Project owner, which was held in trust for Reed pursuant to Code § 9–201, for a purpose other than to pay Reed.

Reed filed a Motion for Summary Judgment in the State Court Action. Neither CSI or the Debtor contested the relief sought therein by Reed. Accordingly, on May 2, 1990, the Circuit Court for Baltimore County entered summary judgment in the State Court Action in favor of Reed and against CSI and Parks in the amount of $14,858.77 plus $92.00 for costs of suit. No appeal of this order was taken, and the judgment became final.

■ On May 17, 1991, the Debtor filed a petition for relief under Chapter 7 of the Bankruptcy Code. Reed subsequently filed this adversary proceeding, seeking a determination that its claim in the amount of $14,950.77 was nondischargeable in the Debtor's bankruptcy proceedings. At the pretrial conference held in this matter, the court directed Reed to file, within 30 days a motion for summary judgment on the grounds that the collateral estoppel effect of the State Court Action Judgment bound this court to find that the debt of the Debtor to Reed was nondischargeable. Reed filed said motion, along with a memorandum in support thereof, on January 8, 1991. On January 30, 1991, the Debtor filed a Motion for Extension of Time to File Answer to the Motion to Summary Judgment. The Debtor is pro se and requested therein an additional 15 days to locate and retain an attorney.

■ The court has reviewed the file and concluded that an extension of time for the Debtor to respond to the Motion for Summary Judgment is unwarranted. The Debtor has had over 60 days since the December 4, 1991, hearing and has failed to retain an attorney. Furthermore, the Court is of the opinion that on the basis of the record before it, summary judgment in favor of Reed in this matter is warranted.

There is conflicting authority in this district with respect to whether or not the Maryland Trust Relationships subtitle creates an express trust which satisfies the fiduciary capacity requirement of 11 U.S.C. § 523(a)(4). The court herein, however, need not reach this issue. Reed has obtained a state court judgment in its favor in the amount of $14,858.77 plus costs. This judgment was rendered in an action wherein Reed averred that the Debtor was a fiduciary to it and that the Debtor converted funds rightfully belonging to it with an intent to defraud. Furthermore, Reed averred his case under Code § 9–201 *et seq.*, which provides at § 9–203 that the use of money held in trust pursuant to § 9–201 by any officer or director of a contractor for a purpose other than to pay the affected subcontractor "shall be *prima facie* evidence of intent to defraud in a civil action." Since Reed pleaded these matters in the State Court Action and obtained a judgment in its favor, this issue has been actually litigated and determined. *Murray Int'l. Freight Corp. v. Graham*, 315 Md. 543, 549–50, 555 A.2d 502 (1989). The Debtor had the opportunity to raise any defenses he may have had in the State Court Action, but failed to do so. Consequently, the Bankruptcy Court is bound by the State Court judgment, and such judgment is conclusive on these issues. *Kent County Board of Education v. Bilbrough*, 309 Md. 487, 498 at n. 5, 525 A.2d 232 (1987); *Singer v. Steven Kokes, Inc.*, 39 Md.App. 180, 182, 384 A.2d 463 (1978). If the judgment was not warranted, the Debtor's recourse was to attack the judgment in state court. Having failed to do so, however, the doctrine of collateral estoppel now precludes the Debtor from relitigating these issues which were previously decided in the State Court Action. *Combs v. Richardson*, 838 F.2d 112, 115 (4th Cir.1988).

In accordance with the foregoing, it is this 6th day of February, 1991, by the United States Bankruptcy Court for the District of Maryland,

ORDERED that judgment is hereby entered in favor of Reed on its Motion for Summary Judgment; and Reed's claim against the Debtor in the amount of $14,950.77 be, and hereby is, found to be nondischargeable pursuant to Section 523(a)(4) of the Bankruptcy Code; and it is further

ORDERED that the Debtor's Motion to Extend Time is accordingly DENIED in accordance with the foregoing terms of this Order.